## Stewart et al. *versus* Morrow.

1. A note for a specific sum, but which may be paid in iron and nails, at manufacturers' prices, with no demand stipulated for, or place of payment appointed, may be sued upon without demand of payment.

2. It is the duty of the maker of a note, payable in specific articles, to seek out the payee or holder, and tender the articles at the maturity of the note.

3. If a note is payable in specific articles too ponderous for delivery, the maker of the note should call upon the holder, before its maturity, and request him to fix a place for delivery of the articles.

4. If the maker of a note, payable in specific articles, neglects to pay according to the terms thereof, he is responsible to pay the amount in money, with interest thereon, from maturity.

ERROR to the District Court of *Allegheny county*.

The plaintiffs in error were defendants below. This was an action brought by Morrow, assignee of Absalom Morris, under a voluntary assignment, for the benefit of creditors on sundry promissory notes of the same tenor, except as to date and amount, a copy of one of which is given in the opinion of the court below.

The defendants admitted the signatures to the notes to be genuine, and that the same were given for an adequate consideration. The notes on which the action was brought, had passed from the hands of the payee before they fell due, and the holders had not made any demand of the defendants for the delivery of the metal, nor given them notice as to where they wished to have it delivered; and they were ready to have delivered it on demand and notice.

The defendants alleged, that until demand made, the plaintiff could not maintain an action against them; or, that if such action could be sustained without demand made, the plaintiff was only entitled to recover in this action the value of such quantity of iron, as would have been sufficient to discharge the notes as they severally fell due, which, owing to the depreciation of iron, would make a difference of about ten per cent. upon the face of the notes.

The court below charged the jury to find a verdict for the plaintiff, reserving the following points:

[Stewart et al. *v.* Morrow.]

1. Whether the plaintiff, under the facts of this case, has a right to maintain his action, without first making a demand.

2. Whether the plaintiff is entitled to recover interest, excepting from the time of bringing the suit.

3. Whether the defendants are not entitled to a deduction, equivalent to the depreciation of the price of iron, viz: ten per centum.

Upon the points so reserved, the court gave the following opinion, and directed judgment in favor of the plaintiff, for the full amount claimed:

*Opinion on Questions Reserved.*—"This suit is brought on six promissory notes, all dated the 20th of March, 1852. The first three are payable in six months, and the others in twelve, eighteen, and twenty-four months. The forms of all are the same, differing only in amount, and the date of maturity. The form of the first, which may serve as a sample for all, is as follows:

'$80.31.                                  *March* 20, 1852.

'Six months after date, we promise to pay to Absalom Morris, or order, eighty dollars and thirty-one cents, without defalcation, for value received. Payable in iron and nails, at Pittsburgh manufacturers' prices.

(Signed)        STEWART, LLOYD & Co.'

"The notes, it will be perceived, are for a definite sum of money, with the privilege to the makers of discharging them with iron and nails at the manufacturers' prices. This was a mere privilege to the defendants, who might have refused to pay in iron and nails, and elected to pay in cash. No place was appointed for the delivery of the articles, and no demand stipulated for by the terms of the contract. It is well settled by several decisions in this State as well as elsewhere, that under the circumstances of this case, the plaintiff was not bound to make a demand before bringing suit; but that it was the duty of the defendants, if they wished to pay in the articles specified in the notes, to seek out the payee or holder, and tender the same at their maturity; or if so ponderous as to render it inconvenient to deliver them to the plaintiff in person, they should have called on him before they fell due, and requested him to fix a place for delivery. Having failed to do so, they are responsible for the amount of the notes with interest, from the times they fell due respectively. This disposes of all the questions reserved. (The authorities to sustain this position may be found in *Roberts* v. *Beatty*, 2 Penna. R. 63; *Fleming* v. *Potter*, 7 W. 380; *Hamilton* v. *Calhoun*, 2 W. 139; *Barr* v. *Myers*, 3 W. & S. 299.)

"In the last case, (*Barr* v. *Myers*,) the Supreme Court (Sargeant, Justice,) says: 'The rules that regulate the delivery of portable articles which are contracted to be sold and delivered, vary according to the nature of the contract. If by the contract neither time

nor place of performance is stipulated, but they are deliverable on demand, then the general rule is, that the articles sold are to be delivered at the place where they are at the time of sale, such as the store of the merchant, the shop of the manufacturer or mechanic, and the farm or granary of the farmer at which they are deposited or kept. And the reason is, that the party to recover, is to be the actor, by going to demand the articles; and till then the other party is not in default by omitting to tender them. But the reverse is the case, when, though the place is not fixed, the time on or before which the vendor binds himself to deliver the articles, is stipulated; for then the party to deliver must become the first actor, in order to fulfil his contract. He must seek out the vendee at his residence, and there tender the articles, to save himself from default. This distinction is settled by various authorities. 4 Wend. 380; 5 Cowen, 216; 2 Penna. R. 71; Chipman on Con. 29, 30; 2 Kent, 6, 505. I speak of portable articles capable of being carried conveniently from place to place, and obviously so intended by their nature, for there may be cases, where possibly from the nature of the subject of the contract, it might be otherwise; and in the case of cumbersome articles, where the delivery is to be to the vendee, the vendor must seek the vendee a reasonable time before the day of delivery, to ask him to appoint a place of delivery.' Co. Litt, 210 c; 2 P. R. 71; 2 Kent, C. 507. I am not aware of any decided case which makes a distinction, when a time is stipulated for the delivery of articles, between a contract of sale and delivery, and a contract to pay a debt in certain articles; nor do I perceive the ground of such distinction. If therefore the articles were portable, it was the duty of the defendants to have tendered them to the plaintiff; if not, they should have sought him out before the maturity of the notes, and ascertain where they should deliver them. Failing to do either, it follows of course that they are liable for the amount of the notes with interest from the times they fell due respectively, without any demand having been made previous to bringing suit.

" The prothonotary is therefore directed to enter judgment on the verdict for the plaintiff on the questions reserved, on payment of the verdict fee."

The opinion on the reserved points, and entry of judgment for plaintiff, were the errors complained of.

*C. Shaler & Co.*, for plaintiffs in error.

*Geo. P. Hamilton*, for defendant in error.

The opinion was delivered November 29, 1855.

PER CURIAM.—We think that the law of this case is so fully

expressed in the opinion of the learned judge of the District Court, and the principles are so completely justified, that it is not necessary for us to do more than to express our concurrence in them. We do not see anything in the case to take it out of the general rule.

Judgment affirmed.