## Terry v. Wenderoth et. al., Appellants.

*Practice (C. P.)—Statement.*

The blending of a count upon a warranty with the statement of a different cause of action upon which the plaintiff relies is not to be commended.

*Affidavit of defence law—Surplusage.*

An affidavit of defence traversing averments in the statement not of the essence of the undenied cause of action will not prevent judgment; such averments may be treated as surplusage.

*Practise (Supreme Court)—Act of May 20, 1891.*

Under the act of May 20, 1891, the Supreme Court may modify the judgment without a return of the record.

*Warranty—Sale of horse—Affidavit of defence.*

Plaintiff averred in his statement that he purchased a horse from defendants; that immediately thereafter he exhibited to defendants a veterinary surgeon's certificate that the horse was unsound; that the defendants refused to rescind the contract, and return the purchase money; that plaintiff ordered the horse to be sold at auction, but that before such sale could be made defendants proposed that a veterinarian should examine the horse, and if he should pronounce it sound that plaintiff should retain it, and that defendants should pay one half of the expense of the examination; that the veterinarian pronounced the horse a "roarer;" that four days thereafter the defendants sent for the horse and still retained him. None of these averments were denied by the affidavit of defence. *Held*, that the conduct of the defendants in sending for and retaining the horse was not consistent with any other theory than that of a compliance, pro tanto, with plaintiff's demand for a rescission of the contract, and that defendants were liable for the purchase money and one half of the expenses.

Argued Jan. 20, 1892. Appeal, No. 8, July T., 1891, by defendants, John A. Wenderoth, Joseph H. Mundy and Henry C. Johnson, auctioneers, and Philadelphia Tattersall and John Reamer, from judgment of C. P. No. 3, Phila. Co., March T., 1891, No. 58½, in favor of plaintiff, Henry C. Terry, upon a rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MC-COLLUM, JJ.

Assumpsit upon a warranty of a horse.

The material averments of the statement are set forth in the opinion of the Supreme Court.

Joseph A. Wenderoth filed an affidavit of defence which was in part as follows :

" I aver that, prior to the sale of such horse to plaintiff, it was agreed, and the fact was announced at the sale prior to the same being made, that the horse was warranted sound, subject to a veterinary examination; that if, after the horse was knocked down to the bidder, it should be found by the veterinary examination that he was not sound, the sale should be considered canceled, and the purchaser should not be obliged to take, but that if it was found. upon an examination by the veterinary to be chosen by the purchaser that the horse was sound, it should be the duty of the purchaser forthwith to pay for the horse, and that the warranty after such payment of the price was to be at an end and no longer binding. In other words, the only warranty ever given to the plaintiff by any of the defendants was to the effect that he should be permitted to have the horse promptly examined by a veterinary to be chosen by him, that he should be obliged to pay if such veterinary should pronounce the horse sound, and that he should not be obliged to pay, but that the sale should be off if such veterinary so selected should pronounce the horse to be unsound. I deny that any warranty was ever given, or that any representations were ever made to the effect that the horse was sound, and that if after payment for him he should be found to be unsound, the money paid should be refunded. I aver that there was no right under the warranty given and the bargain made on the part of the purchaser to demand any further examination after the horse had once been pronounced sound.

" I aver that after the sale of the horse to the plaintiff the plaintiff selected Dr. Gadsden as the veterinary to make an examination of the horse ; that said Dr. Gadsden did make an examination of the horse; that he was afforded every facility to make such examination fully and properly; that nothing was concealed or disguised as to the condition of the horse; that after such examination had been made by Dr. Gadsden he pronounced the horse unqualifiedly to be sound ; and that upon the faith of such certificate the plaintiff paid the purchase money of the horse ; I aver that after said certificate, and after said payment, no warranty of any sort or kind as to the soundness of the horse continued, and that there was no right of any sort or kind on the part of the plaintiff to. demand a return of his money, no matter what the real condition as to the sound-

ness of the horse could be, or might prove to be, or might be certified to be.

" I deny that the plaintiff relied upon any other warranty or representation than those which I have set forth. I aver that he paid the price of the horse, in reliance upon the report of the veterinary, Dr. Gadsden, chosen by him, to the effect that the horse was sound, and that it was his duty, under the terms of sale of said horse, to make such payment after such report had been made.

" I aver that an opportunity for the examination of the horse's wind was given to Dr. Gadsden, and that he availed himself of it by having the horse tried in that respect before he made his report. I do not believe that the horse has ' broken wind,' or that he is a ' roarer.' "

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was the entry of judgment.

*John G. Johnson, Frank P. Prichard* with him, for appellants.—The plaintiff was not entitled to judgment upon his own statement. He has brought an action of assumpsit against a firm, a corporation and an individual, on separate statements of warranty, without alleging any joint contractual liability.

The affidavit denies that there was any warranty, and thus a question of fact is raised, which only a jury can pass on : Church v. Jones, 132 Pa. 462.

*Charles F. Warwick, Edward D. Wadsworth* and *Owen B. Jenkins* with him, for appellee.—Although defendants denied the warranty, they did not deny the agreement plaintiff alleged was made between them to send the horse to Dr. Huidekoper for examination, or that, after he was certified to be unsound, defendants sent for him and have since had him in their possession. These undenied averments disclose a good cause of action, at least for the purchase money. They cannot keep " both the penny and the cake."

Under provisions of act of May 20, 1891, § 2, the Supreme Court has power to enter or modify the judgment without a return of the record.

OPINION BY MR. JUSTICE HEYDRICK, March 14, 1892.

The plaintiff avers in his statement that he purchased a horse from the defendants, paying therefor the sum of five hundred and twenty-five dollars; that he immediately afterwards exhibited to defendants a veterinary surgeon's certificate that the horse was unsound; that in consequence of such unsoundness he demanded a rescission of the contract and return of the price paid for him, which was refused by the defendants; that thereupon he ordered the horse to be sold at auction for account of whom it might concern, of which he gave notice to the defendants; that, before such sale could be made, the defendants proposed to him that he should withdraw the horse from sale, and " that Dr. Rush Shippen Huidekoper, an eminent veterinarian, should take the horse into his charge at his private stable or hospital, and thoroughly test him," and " that if said tests showed the horse not a ' roarer ' he should be retained by the plaintiff as his own, and that defendants would agree to pay one half of the expense of placing said horse at the said hospital, and the tests thereafter to follow by said Huidekoper; " that Dr. Huidekoper upon making the tests pronounced the horse a " roarer," of which notice was given to the defendants, and that four days thereafter the defendants sent for the horse and took him away from the hospital and still have him; none of which averments were denied by the affidavit of defence.  The conduct of the defendants in sending for and retaining the horse under the circumstances detailed, is not consistent with any other theory than that of a compliance, pro tanto, with the plaintiff's demand for a rescission of the contract, and when, in compliance with that demand, the defendants took the horse back, they became liable to refund the price paid for him, and the further sums agreed to be paid on account of the expense of the tests made by Dr. Huidekoper.

It is immaterial that other averments not of the essence of the undenied cause of action were traversed with great emphasis; such averments may be treated as surplusage.  But the blending of a count upon a warranty with the statement of the real cause of action is not to be commended.  The plaintiff was not entitled to recover for the keep of the horse, or for the examination made by Dr. Gadsden.  The several sums

charged on these accounts, and one half of Dr. Huidekoper's bill must be stricken out, leaving the judgment to stand for five hundred and forty-five dollars. As so modified the judgment is affirmed.