## Goodwin *v.* Heckler, Appellant.

*Contracts—Sales—Payment in specific property—Breach—Liability to pay cash.*

1. When payment of a debt is to be made in a specific article of property, failure to pay or offer to pay by delivery of the article, according to the agreement, fixes the liability of the debtor to pay in money.

2. Where a contract for the sale and delivery of brick provided that part of the purchase-price should be paid in cash and the balance by the transfer of the equities in certain houses, and the purchaser of the brick failed to deliver a deed for the houses for more than a year after it should have been delivered the seller of the brick was entitled to enforce payment in money for the whole balance of the purchase-price due him, without previously demanding a deed for the houses.

Argued Jan. 5, 1916. Appeal, No. 245, Jan. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1914, No. 2862, on verdict for plaintiff, in case of John A. Goodwin v. Chas. J. Heckler. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for a balance due on a contract for the sale of brick. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,461.82 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points.

*Charles S. Wesley,* for appellant.

*John Lamon,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

The only question in the case, as suggested by the ap-

pellant, is whether there was an obligation on the part of the defendant to make a tender of the six houses in order to bar the plaintiff's money claim, or conversely, whether the plaintiff was required as a matter of law to demand conveyance of the six houses before he was entitled to recover money damages in lieu of the property.

This action was brought by the plaintiff, a brick manufacturer, against the defendant, a builder, to recover a balance of $5,014.75 due on a contract for the sale and delivery of brick for a large building operation. The contract is dated April 6, 1910, the deliveries of brick were completed in 1911 or 1912, and the houses involved in this controversy were finished in 1912 or early in 1913. The contract contained the following provisions: "Payments to be made as follows: 75 per cent. to be paid weekly for brick delivered to each Thursday evening. The balance to be paid in cash, thirty-nine hundred dollars ($3,900.00) to remain and pay for equities in six houses, Nos. 3003 North Twenty-fourth street, subject to a mortgage of eighteen hundred dollars ($1,-800.00); Nos. 3002-4-6-8-10 Judson street, subject to mortgages of $1,300.00 on each." Payments in cash were made as brick were delivered, and this action was brought to recover in money the balance due after all the brick had been delivered and the six houses had been finished. The defendant denied the right of the plaintiff to recover in money $3,900.00 of the contract price on the ground that that sum was payable under the terms of the contract by a transfer of the equities in the six houses, and averred his willingness to convey the houses to the plaintiff. The defendant alleges that he tendered a deed for the first house when it was completed, and that the plaintiff declined to accept it, and demanded payment in money. The plaintiff denies that a tender of the deed was made for any of the six houses. The court, on defendant's request, instructed the jury that if defendant tendered a deed for the first house which was completed and plaintiff refused to accept it and declared he

would take no equity or house and demanded cash, there was no obligation on the defendant to make successive tenders or offers to convey, and they should deduct $3,-900.00 from the amount sued for, and return a verdict for the balance of the claim. The verdict was for the full amount of the claim, and, therefore, establishes that the defendant made no tender to convey the houses to the plaintiff. It is conceded that the plaintiff made no demand on the defendant for a conveyance of the property.

The learned court below charged the jury, inter alia, as follows: "Payment was to be made as to that $3,900.00 in equities in houses. The plaintiff says he never made any demand for those houses. The defendant says he tendered a deed for one of them, but not the others. So the question is, whether the plaintiff has a right to recover in cash. I am of opinion that the plaintiff has a right to recover in cash, if he is entitled to recover at all, for the following reason: That a failure to show either payment or an offer of payment in the articles fixes the liability of the defendant to pay in cash." The court in banc on a motion for a new trial sustained this instruction to the jury. We agree with the trial court that the plaintiff was not required to make a demand for the conveyance of the houses before bringing the action to recover in money the balance due under the contract. The deliveries of the brick were completed and the houses had been finished a year or more before this suit was brought in 1914. This was ample time in which to make payment of the $3,900.00 by conveyance of the property. Had the defendant tendered a deed for the property as provided in the contract, the plaintiff was required to accept it, unless some substantial reason was shown why he should not do so: Grunwald v. Hahn, 176 Pa. 37. The transfer of the property was a means of payment, other than money, provided in the contract which neither party could violate. The contract was not an agreement for the sale and delivery of real estate, but for the sale of

brick, and provided for payment of part of the consideration by the transfer of the equities in certain houses which were to be erected by the defendant. As said by this court in Singerly v. Armstrong, 5 W. N. C. 139, 140: "Here, however, the cause of action was a specific debt for bricks delivered and laid, and payment was to be taken in a specific thing, to wit, a house. Clearly the failure to convey through the fault of the party contracting to pay in specie does not destroy the true nature of the cause of action, viz: the debt." It was held in that case that the plaintiff was entitled to recover the full amount of the original debt, and not simply the value of the house, which had depreciated. In White v. Tompkins, 52 Pa. 365, some of the payments were to be made in a specified commodity, and on failure to deliver the article the plaintiff brought suit to recover its value, but the court held that as it was optional with the defendant to pay in money, he could only recover the balance of the purchase-money due with interest. The trial court in its opinion said, inter alia (p. 365): "If the principle recognized, as stated in Roberts v. Beatty, 2 P. & W. 63; Church v. Feterow, 2 P. & W. 301, and repeated in Fleming v. Potter, 7 Watts 381, that in an agreement to pay a sum of money by property, a failure to deliver the property in due season leaves it a money obligation, I cannot see upon what principle the plaintiff can claim more than the balance of purchase-money and interest." We affirmed the judgment saying: "The delivery of specific articles is an alternative mode of paying a fixed sum of money, which, if not delivered, leaves the rule of damages for nonpayment of money untouched, namely, interest. This was the view of the learned judge, and is so well vindicated in the opinion delivered by him that we forbear further remarks." It was the duty of the defendant here to tender the plaintiff a deed for the property or pay in money the balance due for the brick delivered to him as his contract required, and failing or refusing to do so for a reasonable time the plaintiff can

enforce payment in money for the whole balance of purchase-money due him.   When payment of a debt is to be made in a specific article of property, failure to pay or offer to pay by delivery of the article, according to agreement, fixes the liability of a debtor to pay in money: Roberts v. Beatty, 2 P. & W. 63, 21 Am. Dec. 410; Stewart v. Morrow, 1 Grant (Pa.) 204; Santee v. Santee, 64 Pa. 473, 479; Moore v. Kiff, 78 Pa. 96; 6 R. C. L. 912. In delivering the opinion in the case last cited, Mr. Justice PAXSON said (p. 100) : "Nor is the fact that the interest notes were payable in pork and sugar material, unless there had been an offer to show payment in those particular commodities.   The defendants had a right to pay in pork and sugar.   An offer to do so would have been a sufficient answer to a demand for payment.   But a failure to show either payment, or an offer of payment, in these articles, fixes the liability of the defendants to pay in money."

As pointed out in the appellant's printed brief, we have held that where the price of an article is to be paid partly in cash and partly in the stock of a company, as in Phillips, et al., v. Allegheny Car Co., 82 Pa. 368, the plaintiff must make a demand for the stock before he brings suit to recover the whole claim in money.   But Mr. Justice PAXSON wrote the opinion in the Moore and Phillips cases, supra, and in the Phillips case cites the cases we have referred to and says (p. 372) : "The present case is easily distinguished from any of those above cited.   Here the contract was with a corporation.   It agreed to pay for one-half the lumber in its own stock. Had the contract been to pay in a horse, or even in the stock of another corporation, the case would have been materially different."

The judgment is affirmed.