## Glinn, Appellant, *v.* Silver.

*Equity—Chancellor's finding of fact—Review.*

A chancellor's finding of fact will not be reversed by the appellate court where such findings are based upon sufficient evidence, and there is not manifest error.

*Equity—Mandatory injunction—Removal of building.*

A mandatory injunction is a matter of discretion with a court of equity, and it will not be granted to remove a building or tear down a portion of a wall when it will operate inequitably or oppressively, or where the owner or one who afterwards becomes the owner, is actively responsible for the encroachment.

Argued May 4, 1916. Appeal, No. 133, April T., 1916, by plaintiff, from decree of C. P. Allegheny Co., April T., 1915, No. 1352, dismissing bill in equity in case of Morris Glinn v. Pearl Silver and Louis Silver. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for a mandatory injunction.

CARPENTER, J., found the facts to be as follows:

First. The plaintiff and Pearl Silver, one of the defendants, own adjoining lots fronting on Erin street and extending through Seal street, in the City of Pittsburgh.

Second. Mrs. Silver, erected upon her lot, a brick building having a stone foundation, her intention being to erect the southerly wall of said building on the line common to her lot and the lot of plaintiff.

Third. Said wall is not, and was not built as a party wall.

Fourth. For a distance not definitely stated, defendant's wall overhangs plaintiff's lot, the points of divergence from the lot line being approximately 30 feet from Erin street and a point near Seal street.

Fifth. At a point about 33 feet east of Seal street and

about 40 feet west of Erin street the bulge as shown by the surveyor's measurement, is about 3/4 of an inch at the top of the foundation and at six feet above the foundation it is 1 3/8 inches.

Sixth. The Erin street end of the wall involved in this controversy is upon the Silver lot a distance of 3 3/8 inches from the lot line.

Seventh. The wall in question was built by plaintiff, under contract with defendant, Mrs. Silver.

Eighth. Plaintiff had knowledge of the bulge in the wall when, or soon after, he built it, but did not know its extent.

Ninth. The bulge was primarily due to faulty construction.

Tenth. The placing of the iron beams that rested upon the north and south walls of the building was no part of plaintiff's work, said beams being put in place by persons employed by defendant.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court dismissing the bill.

*A. E. Sloan,* for appellant.

*Charles H. Sachs,* for appellee.

Opinion by Kephart, J., July 18, 1916:

The plaintiff filed this bill for a mandatory injunction to compel the defendants to remove an encroachment or overlap between their properties at a point some distance from the front property lines. This overlap consisted of a bulge in the wall, and that it extended on plaintiff's land from nothing to three-quarters of an inch is not disputed. It was claimed by the defendants that it was due to the careless work done by the plaintiff in building the defendants' wall. He erected the wall under a contract with the defendants before he became the owner of

the adjoining property. The testimony as to the cause of the bulge was contradictory, and the court below, on ample relevant testimony, found as a fact that the bulge was wholly due to the negligent manner in which the plaintiff built the wall and that this careless work was the primary and efficient cause of the bulge.

The occupation, unlawfully, of a portion of a lot of ground does not convey title to it to the defendant nor does it affect the plaintiff's title or his right to recover damages for the trespass. But a mandatory injunction is a matter of discretion with a court of equity, and it will not be granted to remove a building or tear down a portion of a wall when it will operate inequitably or oppressively, or where the owner or one who afterwards becomes the owner is actively responsible for the encroachment. Each case of a permanent obstruction must be decided upon its own circumstances: Mayer's App., 73 Pa. 164.

As the plaintiff was responsible for the encroachment it would clearly be inequitable and unjust for the court to direct the defendants to remove it.

The assignments of error with respect to the admission of testimony are without merit. The controlling point in the case was decided, as a question of fact, adversely to the appellant, upon evidence which amply warranted such finding.

The assignments of error are overruled and the decree of the court below is affirmed.