# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Jacobson *v.* Lupowitz, Appellant.

*Contract—Building contract—Materials and labor—Conveyance
of a house as part payment—Tender of deed after suit brought—
Affidavit of defense—Practice, C. P.*

In an action to recover a balance alleged to be due to the plaintiff for furnishing to the defendants material and labor necessary to install the plumbing and gas fittings in a building operation covering a number of houses, it appeared that the consideration to be paid was $11,000 of which $900 was to be paid by the conveyance of one of the houses. This conveyance was to be made when plaintiff had finished "$4,800 worth of labor under this contract." As the work progressed disputes arose between the parties, and after $4,800 worth of labor had been furnished the parties entered into a compromise agreement by which plaintiff agreed to accept $2,950 although he claimed a sum larger than $2,950 plus the value of the equity in the house. The defendant paid the amount agreed upon in the settlement, but refused to make the conveyance of the house. Plaintiff therefore brought suit to recover the value of the equity in the house. After suit was brought the defendant tendered a conveyance of the house. The defendants also claimed a set-off by reason of failure of the plaintiff to do certain work he agreed to do under the compromised settlement. Plaintiff entered rule for judgment for want of a sufficient affidavit of defense as to part of the claim. The court allowed a defense as to the set-off, but entered judgment for the plaintiff for the balance. *Held*, (1) that the compromise agreement had nothing to do with the conveyance of the house; (2) that the tender of the conveyance after suit brought did not defeat plaintiff's right to a money judgment;

2     JACOBSON *v.* LUPOWITZ, Appellant.

and (3) that the disposal of the rule for judgment by the court below was proper.

Argued Oct. 20, 1916. Appeal, No. 91, Oct. T., 1915, by defendants, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1915, No. 626, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Benjamin Jacobson v. Joseph Lupowitz and Isaac Solomon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for material and labor furnished and delivered.

Rule for judgment for such portion of plaintiff's claim as to which the affidavit of defense is insufficient with leave to proceed for balance.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $875.

*Maurice Rose,* for appellants.—The plaintiff could not have secured specific performance and, therefore, judgment should not have been entered in his favor: White v. Tomkins, 52 Pa. 363; Plymouth Mfg. Co.'s App., 81½ Pa. 147; McKee v. Harris, 40 L. I. 232; Salmon v. Rance, 3 S. & R. 311.

Judgment was properly entered: Pierson v. Krause, 208 Pa. 115.

*Harry M. Miller,* for appellee.—The judgment was proper: Goodwin v. Heckler, 252 Pa. 332; Grunwald v. Hahn, 176 Pa. 37; Durham v. Wick, 210 Pa. 128; Milligan v. Dick, 107 Pa. 259.

A tender of a deed, after suit, is not the equivalent to a tender before suit and does not affect plaintiff's right of recovery: Withers v. Baird, 7 Watts 227; Magaw v. Lothrop, 4 W. & S. 316.

OPINION BY HENDERSON, J., March 13, 1917: ·

This action arises out of a contract between the plaintiff and the defendants by the terms of which the former agreed to furnish the material and labor necessary to install the plumbing and gas fittings in seventy-seven houses about to be erected by the defendant. The consideration to be paid was $11,000, nine hundred dollars thereof to be paid by the conveyance of lot No. 14 on the defendants' building plan, the premises being subject to two mortgages. During the progress of the work differences arose between the parties in regard to the quality of the work and material furnished by the plaintiff; whereupon an agreement was entered into on October 23, 1915, that all differences existing between the parties be settled, the plaintiff to accept the sum of $2,950 in full settlement and satisfaction and accord of his claim against the defendants by reason of work done and material supplied for the buildings. It was further stipulated that the plaintiff would perform any minor repairs then necessary in the plumbing work in the houses. The defendants declined to convey the lot to the plaintiff after a notice so to do and thereupon this action was brought to recover the balance of the contract price remaining unpaid because of such refusal. On the receipt by the defendants of the plaintiff's written request to convey the lot the defendants replied that the work done and the material supplied were very unsatisfactory and not in accordance with the terms of the contract and that for the purpose of settlement the defendants had waived all claims for defective work with the exception of the installation of gas outlets in the basement of each property and that the plaintiff had agreed to accept $2,950 in full settlement of his claim by reason of which he was not entitled to a conveyance of the lot. On a rule for judgment for want of a sufficient affidavit as to part of the claim judgment was entered for the plaintiff for $875 the defense being allowed as to $125. The contract provided that the plaintiff should be entitled to a convey-

ance of the lot when he had finished "$4,800 worth of labor under this contract." The right to the conveyance matured therefore before the contract of October 23, 1915, was entered into for it is conceded that more than the necessary amount of labor and material had been expended on the work by the plaintiff at the latter date to entitle him to a conveyance. From an examination of the contract of settlement we think it not doubtful that that instrument had no relation to the covenant to convey the land. A larger amount than the sum of $2,950 stipulated to be paid in that agreement was claimed by the plaintiff in addition to the defendants' equity in lot No. 14 and the effect of the compromise agreement was only to reduce the amount of cash to which the plaintiff claimed he was entitled at the time that agreement was made. There was at that time then a breach of the contract as to the conveyance of the lot for it was the duty of the defendants to convey as they had agreed when the plaintiff had applied $4,800 worth of labor and material on the buildings; and the plaintiff was not required to make a demand for the conveyance before bringing this action to recover the balance due on the contract: Grunwald v. Hahn, 176 Pa. 37; Goodwin v. Heckler, 252 Pa. 332. All of the differences between the parties up to the twenty-third of October, 1915, were settled by that agreement which left the outstanding liability to convey the property as provided for in the original contract of March 3, 1915. The tender of a conveyance after the action was brought was not in time. When the letter of November 8, 1915, denying the plaintiff's right to a conveyance was delivered the plaintiff was at liberty to proceed by action for that part of the consideration for his services which the lot was to stand for. The defendants' equity in the lot was to take the place of $900 of the whole amount to be paid by them to the plaintiff and because of the refusal to give the title for which they had contracted the plaintiff was entitled to recover the amount of the original indebtedness for which the equity

in the lot was to have been the substitute: Durham v. Wick, 210 Pa. 128. The reason given by the defendants for refusing to convey their equity in the lot was insufficient in the light of the agreement of settlement and the terms of the original contract fixing a time when the conveyance was to be made and the defense set up has no foundation on which to stand, therefore. The objection that the plaintiff has not installed the gas outlets and the allegation of a breach of the compromise of settlement in no way affects the original agreement to convey title to the lot but the court in entering the judgment now complained of has left that question open for defense. We do not find merit in the proposition that the court in making the rule for judgment absolute has failed to specify what part of the affidavit of defense is insufficient. That is apparent from the rule for judgment taken by the plaintiff. The thing complained of was that the defendants had agreed to satisfy $900 of the plaintiff's bill by transferring their equity in the lot and that they had refused to make the conveyance. Items of defense were set up to the amount of $125 as to which the court permitted the defense to prevail. The balance of the account was, therefore, the amount for which judgment should be entered. The case was properly disposed of by the learned judge of the Court of Common Pleas and the judgment is affirmed.