# Rugg *v.* Midland Realty Company, Appellant.

*Contracts—Contracts for sale of real estate—Rescission — Inability to give clear title—Assumpsit to recover purchase-price.*

1. If a vendee performs or tenders performance of his part of the contract at the time appointed and the vendor is unable to perform his part, the vendee may rescind and recover back any purchase-money paid on the footing of the contract. This is particularly true where time is of the essence of the contract.

2. Where, under a contract for the sale of real estate, it was provided that the purchase-money should be paid in installments and when the entire amount had been paid a conveyance should be made to the purchaser free of all encumbrances except certain building restrictions and where it appeared that plaintiff had paid a considerable part of the purchase-money and had tendered the defendant the balance and demanded a deed and a conveyance at that time was refused on the ground that the defendant was then unable to make a good title, because the property was subject to liens of the Commonwealth, the plaintiff was entitled to recover the money paid under the agreement, and his reasonable expenses incurred in surveying the property and examining the title, and it was no defense that defendant tendered a deed with a policy of insurance issued by a title company insuring him against liens before suit brought, or that after suit brought, he offered to convey a clear title.

Argued April 2, 1918. Appeal, No. 127, Jan. T., 1917, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1916, No. 607, for plaintiff for want of a sufficient affidavit of defense, in case of Howard V. Rugg v. Midland Realty Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for money paid under a contract for the sale of real estate which defendant failed to perform.

Rule for judgment for want of sufficient affidavit of defense.

AUDENRIED, P. J., filed the following opinion:

The statement of claim and the affidavit of defense are quite voluminous, but the question raised by this rule is a simple one.

The essential facts alleged by the plaintiff are as follows: They are not disputed by the defendant. The plaintiff agreed to buy certain land from the defendant. Its price was payable by installments, but the buyer might when he paid any of them anticipate the dates fixed for subsequent payments and pay the remainder of the purchase-money although not yet due. It was agreed that the land should be conveyed to the plaintiff, subject to certain building restrictions, but otherwise clear of encumbrances, as soon as the latter had paid for it in full and that, in the meanwhile, the seller should pay all State and county taxes legally assessed upon it. The plaintiff paid the defendant the sum of $2,080 on account of the purchase-money. On November 22, 1916, he tendered it the further sum of $650.57 which was all that remained unpaid on that account, and demanded that the land be conveyed to him in accordance with their agreement. The defendant did not accept the money tendered or deliver the deed requested. The reason given for its failure to do so was that the land was encumbered by a tax claim filed by the Commonwealth. Prior to that date the plaintiff had spent $85 for improvements on the land and $36 for the preparation of a bond and a mortgage and the examination of its title.

The plaintiff's claim is for the sum of $2,080 paid by him under his contract with the defendant, with interest thereon, and for the further sum of $121 by way of reimbursement of his outlay on the faith of the defendant's undertaking to convey.

The defense set up may be summarized as follows: When the plaintiff tendered payment of the remainder of the purchase-money owing for the land, all of the

defendant's property was subject to the lien of certain taxes claimed by the Commonwealth.  The defendant was then negotiating for a settlement of the claim.  The plaintiff was informed of this situation and promised that during the following week his money would be received and a deed would be executed and delivered to him.  A few days afterwards a contract was made by the defendant with the Land Title & Trust Company, under which the latter undertook to insure title to the land bought by the plaintiff against the tax claimed above mentioned.  A deed for the land was executed and the plaintiff was notified that the defendant was ready to make settlement with him.  Instead of paying for the land and accepting the defendant's deed therefor with the Land Title & Trust Company's policy, the plaintiff instituted this action.  Since his suit was brought the defendant has settled with the Commonwealth and thus discharged the claim filed for taxes.  It is now ready and willing to deliver to the plaintiff a deed for his land, and, to the extent above described, has been ready and willing to do so since November 28, 1917.

This defense is insufficient.  It is admitted that at the time when under their agreement the plaintiff was entitled to a conveyance of the land that he had purchased, the defendant was neither ready nor willing to convey it.  That it was not willing to convey appears from the fact that it did not comply with his demand for a deed. That it was not able to perform its covenant to convey clear of encumbrances other than the restrictions under which the plaintiff had agreed to take the land appears from the conceded fact that the Commonwealth had filed against it a tax claim, which still stood unsatisfied. This was an encumbrance although the amount claimed was larger than the sum subsequently paid to liquidate it.  Nowhere does the defendant squarely allege that the claim was not a lawful one or that the taxes claimed had not been legally assessed.  The plaintiff was not bound to accept the defendant's deed even when sup-

ported by a policy of the Land Title & Trust Company insuring him against the Commonwealth's claim in lieu of the conveyance of a title appearing by the record to be clear of encumbrances. Time was of the essence of the contract between these parties. Such was their plain agreement. The plaintiff was, therefore, under no obligation to await the outcome of the defendant's negotiations with the auditor general. When it became apparent that the defendant wished to fob off upon him a title encumbered in a "very considerable sum" and that against the uncertain extent of the liability of the land for this charge he was expected to be content with the policy of insurance issued by a private corporation, he was undoubtedly justified in declaring his contract with the defendant rescinded and in demanding the return of what he had paid the defendant, with the amount of his reasonable outlay on the faith of the contract. The defendant does not deny that the plaintiff made the expenditures for which he asks reimbursement or that they were necessary or proper.

If a vendee performs or tenders performances of his part of the contract, at the time appointed, and the vendor is unable to perform his part, the vendee may rescind and recover back any purchase-money paid on the footing of the contract: Borough of Erie v. Vincent, 8 Watts 510; Stitzel v. Kopp, 9 W. & S. 29; Moorhead v. Fry, 24 Pa. 37; Stickter v. Guldin, 30 Pa. 114. This is particularly true where time is of the essence of the contract: Hollenbach v. Moore, 1 W. N. C. 192.

"It has long been settled that on default by the vendor, without fraud, the vendee may recover for expenses necessarily or properly incurred on the faith of the contract, with the consideration paid": Eberz v. Heisler, 12 Pa. Superior Ct. 388.

The rule for judgment is made absolute.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense for $2,500.02. Defendant appealed.

*Error assigned* was the judgment of the court..

*John Douglas Brown,* for appellant.

*Albert W. Sanson,* with him *J. Kirk McCurdy,* for appellee.

PER CURIAM, June 3, 1918:
By the second paragraph of the agreement between the appellant and its vendee time was made the essence thereof, and the judgment is affirmed on the clear, concise opinion of the learned president judge of the court below directing it to be entered.