# Gloekler *v.* Painter, Appellant.

*Contract—Exchange of automobiles—Breach of contract.*

1. The measure of damages for breach of a contract to pay a fixed sum in a particular commodity or specific articles of property, is the sum stated, and the value of the commodity at the time of the breach is not material.

2. Where a person agrees to purchase from a dealer an automobile, to be delivered at a specific time, paying part of the price by delivering a used car at an agreed valuation, and the balance in cash on delivery of the new car, which could not be obtained, the measure of damages is the sum at which the used car was valued, and not its value at the time of the breach.

3. The loss sustained by the seller's breach, under ordinary circumstances, is determined by the difference between the market price and the contract price at the time of delivery; but where the article cannot be obtained, the measure is the actual loss which the vendee can show he has sustained.

Argued October 11, 1921.   Appeal, No. 68, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 1742, on verdict for plaintiff, in case of J. Edward Gloekler v. Edward S. Painter, trading as Painter Motor Car Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for breach of contract.   Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,616.59.   Defendant appealed.

*Errors assigned,* inter alia, were (1-3) rulings recited in the opinion of the Supreme Court, quoting record.

*J. Merrill Wright,* of *Wright, Chalfant & McCandless,* for appellant.—When the breach occurs, the party to whom performance is due must elect whether he will rescind or demand a continued performance, and the failure of the adverse party to perform does not of itself rescind the contract: Smethurst v. Woolston, 5 W. & S. 106; Seanor & Bierer v. McLaughlin, 165 Pa. 150; Meacham v. Gardner, 27 Pa. Superior Ct. 296; Seward v. Mfg. Co., 266 Pa. 457.

*William D. Grimes,* for appellee.—When the article cannot be obtained in the market measure of damage is the actual loss which vendee sustains: McHose v. Fulmer, 73 Pa. 365; Kinports v. Breon, 193 Pa. 309; Billmeyer v. Wagner, 91 Pa. 92; Bradley v. McHale, 19 Pa. Superior Ct. 300; Culin v. Glass Works, 108 Pa. 220; Rotograph Co. v. Cressman, 41 Pa. Superior Ct. 14.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The plaintiff, Gloekler, agreed to purchase from the defendant, an automobile of special design for $3,285. He sold his used car to the latter for $1,600, admittedly a fair and reasonable price, for which sum credit was to be given.   Pursuant to this understanding, the defendant took possession of the old motor, made certain changes, and used it in his business for several months, with resulting deterioration, as found by the jury.   The new machine was not furnished within the time fixed by the parties, though delivery was frequently requested. In order that a car could be obtained for present service, the buyer agreed to waive certain provisions of the contract, and accept a stock model.   Again delay occurred,

which led to a demand for compliance by a certain date, in default of which plaintiff signified his intention to cancel the order and insist upon the cash value of the motor he had transferred. This offer was not accepted in terms, but Gloekler was notified of defendant's willingness to terminate the contract, and that the car purchased from him would be returned. An effort to redeliver to plaintiff's garage was made, but he refused to receive it.

An action was brought to recover for the loss sustained by reason of the default of vendor, and damages were asked on several grounds. At the trial, all claims were abandoned except for the fixed value of the car taken over by the defendant. The trial was based on the assumption that the contract had been disaffirmed, wherein the case is to be distinguished from Smethurst v. Woolston, 5 W. & S. 106, relied on by appellant; and the theory upon which the case was heard in the court below is controlling on appeal. The jury, under proper instructions, found that the title to vendee's car had passed to the vendor, who had the possession and use of it, and returned a verdict for plaintiff for $1,600 and interest, less the amount of an admitted counterclaim.

Appellant now suggests certain errors. One is based upon the failure of Gloekler to show that, when he sold his second-hand car, there was a compliance with the requirements of the Act of June 30, 1919, P. L. 702, regulating such transactions; but this complaint was not pressed on argument. Again, it is urged there was a mutual rescission, which relieved of further liability upon the return of plaintiff's car. But the acceptance of the cancellation of the original order was not unqualified; a new condition was substituted for the one made in the offer, viz: that permission be given to send back the used motor, whereas demand had been made for its value in cash.

The only question requiring discussion is raised in the third assignment of error: What is the true measure of damages when the vendee has paid part of the purchase price agreed upon, or has transferred property to the vendor on account thereof, when the latter fails to comply with the contract he had made? The amount of recovery is limited by the loss directly or naturally resulting, in the ordinary course of events, from the seller's breach. In the absence of special circumstances, this is determined by the difference between the market and contract price at the time fixed for delivery, if there is an available market. (Sales Act May 19, 1915, P. L. 543, section 67.) Where, however, the article in question cannot be so obtained,—here, neither the manufacturer nor his agent could supply,—the measure is the actual loss which the vendee can show he has sustained: McHose v. Fulmer, 73 Pa. 365; Kinports v. Breon, 193 Pa. 309; Seward v. Pa. Salt Mfg. Co., 266 Pa. 457; Vilsack v. Wilson, 269 Pa. 77.

In the present case, the second-hand automobile was purchased by appellant for $1,600, and he took possession of and used it for a considerable time; in effect, there was a payment of this sum on account of the new car contracted for. If a vendor has sold goods and made delivery, it is clear that the measure of damages for nonpayment would be the stipulated price: Ballentine v. Robinson, 46 Pa. 177, 179. With like reason, the vendee who performs or tenders performance of his obligation under a contract, when the vendor is unable to carry out his part of the agreement, may rescind and recover any portion of the purchase money he may have paid: Rugg v. Midland Realty Co., 261 Pa. 453; Terry v. Wenderoth, 147 Pa. 519; 24 R. C. L. 65. Here, cash was not turned over, but an automobile at an agreed price, and the same rule should control. "The measure of damages for breach of a contract to pay a fixed sum in a particular commodity or specific articles of property is the sum stated, and the value of the commodity at the

time of the breach is not material": 17 C. J. 865. The defendant was to pay for the old car by the delivery of one that was new, in which event he was to receive an additional amount in money. He has failed to comply with his agreement; as a result, he must pay the stipulated value of that which he received and converted to his own use: Cf. Goodwin v. Heckler, 252 Pa. 332.

It follows from what has been said that the assignments of error should be, and they are, overruled.

The judgment is affirmed .