## Luck *v.* McNeil, Appellant.

*Sales—Automobiles—Purchase price—Exchange of machines—Bailment lease—Amount due thereon—Issue of fact.*

In an action for breach of contract for failure to deliver two automobile trucks, it appeared that the consideration as set forth in the contract, among other things, was the return of two other trucks which were unsatisfactory. It further appeared that these trucks had been rented on bailment leases and that certain payments were still due thereon. The issue between the parties was as to who had assumed the payment under the leases. Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

In such a trial it was not error to instruct the jury that the effect of turning over the unsatisfactory trucks was equivalent to the payment of the amount of their value on the purchase price. The measure of damages for breach of a contract to pay a fixed sum in a particular commodity or specific articles of property is the sum stated, and the value of the commodity at the time of the breach is not material.

An offer to prove a particular fact is properly refused where the only witness to be called has testified that "he could not say" as to the fact sought to be proved.

Argued April 29, 1925. Appeal No. 46, April T., 1925, by defendants from judgment of C. P. Allegheny

County, October T., 1922, No. 2276, in the case of Charles P. Luck, trading as United States Coal & Supply Company, v. James McNeil and Robert Leinhard, Jr., Partners, trading as Manchester Automobile and Machine Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2350.16. Defendants appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*Joseph S. Rosenbaum,* of *Broido & Rosenbaum,* and with him *Craig Smith,* for appellants.—The Court erred in instructing the jury that in estimating damages they were bound to use the values placed upon the trucks in the trade agreement, and disregard the evidence as to their real value: Reel v. Oravetz, 279 Pa. 147; Nichols v. Nichols, 133 Pa. 438; McPherran's Estate (No. 1), 212 Pa. 425; Townsend v. Lacock, 222 Pa. 330; Edmundson's Estate, 259 Pa. 429; McGary v. McDermott, 207 Pa. 620; Henry v. Zurflich, 203 Pa. 440; Sargeant v. National Life Ins. Co., 189 Pa. 341.

*Robert H. Leitch,* of *Leitch & Adelman,* and with him *A. M. Grossman,* for appellee.—It was not error for the court in instructing the jury to say that, in assessing the damages, they must assume that the value of the used trucks delivered by the plaintiff to the defendants was the sum at which they were valued in the contract, and not their value at the time of the breach:

Glockler v. Painter, 272 Pa. 131; Goodwin v. Heckler, 252 Pa. 332; Roberts v. Beatty, 2 P. & W. 63, 21 Am. Dec. 410; Haney v. Hatfield, 241 Pa. 413.

OPINION BY LINN, J., October 6, 1925:

Plaintiff agreed to buy two 5-ton trucks from defendants for $11,000. Defendants agreed to take in payment two used 3½ ton trucks at $6200 and to receive the balance in equal monthly payments represented by plaintiff's notes, payment to be secured by bailment lease. The agreement of sale was executed and delivered February 11, 1922, the bailment lease and notes on February 15th. About February 16, defendants notified plaintiff they would not deliver the 5-ton trucks, contending that there was a misunderstanding between them and plaintiff as to essentials in the sale; plaintiff insisted that the papers stated the agreement and that there was no misunderstanding. Plaintiff then sued for breach of contract.

The defense (based on the alleged misunderstanding inducing defendant's refusal to perform) grew out of an earlier transaction. Some six months before the sale in suit, defendants had sold to plaintiff two 3½ ton trucks (securing themselves by bailment leases) which turned out to be unsatisfactory to plaintiff. To obtain other trucks and dispose of the unsatisfactory ones, he made the contract in suit. When he did so, he owed some $4300 on the notes representing the rental on the leases of the 3½ ton trucks. As defendants had originally made those leases to plaintiff, and had thereafter assigned them to another and also guaranteed performance, they knew all about plaintiff's title to the 3½ ton trucks.

The sales proposal of February 11th, signed by defendants and accepted by plaintiff, states that "on delivery" to defendants, of the 3½ ton trucks, the plaintiff shall have credit for $6200 on the purchase price of $11,000, and in the leases made on February 15th,

the balance due in cash on the purchase price, is taken to be $4800. Whether plaintiff or defendants should pay that balance of the rent on the 3½ ton trucks was the disputed point in the case. These 3½ ton trucks were in the possession of defendants on February 11th, plaintiff testifying that he delivered them on that day pursuant to the agreement, defendants testifying that they were brought in for repair. As the plaintiff's notes and the bailment lease executed by him covering the 5-ton trucks, were delivered to defendants on February 15, and were thereafter retained by them, it will be observed that if plaintiff's contention be correct, he had performed all that was required of him at that time by the agreement, and that defendants were then bound to deliver the 5-ton trucks.

Confining our review specifically to the questions involved as stated in appellant's brief, we note that five of the seven assignments complain of instructions concerning the measure of damages; the other two relate to defendant's effort to show that plaintiff dealt with a corporation, and not with defendants as a partnership. The verdict was for the plaintiff for some $2300, instead of the much larger sum claimed. From judgment on that verdict this appeal was taken.

We are not persuaded that the case should be retried. Without objection, both sides offered oral evidence as to what the agreement was for the payment of the balance of the rentals on the 3½ ton trucks, the evidence on behalf of plaintiff being that defendants agreed to assume the unpaid rent, while that on behalf of defendants was to the effect that plaintiff would pay it. There was no suggestion that anything was omitted from the written contract by fraud, accident, or mistake; on the contrary, one of the defendants testified it was not usual to insert such provisions in the writing, and the other defendant testified that it was omitted because at the time they did not know the amount due. Without now considering whether the

oral evidence should have been received if timely objection had been made, it is sufficient to say that both sides put in evidence on the point, the jury considered it, and we shall so review the record.

The verdict seems to establish that on February 11th when the parties executed and delivered the sales contract, defendants had delivered to them the two 3½ ton trucks,—it being now immaterial whether they received them that day or not, or whether they received them originally for the purpose of repair; they also received the lease signed by plaintiff for the 5-ton trucks, and his notes for the rental and the other sums payable according to their agreement. It also establishes that when defendants then notified plaintiff they would not deliver the 5-ton trucks which they had sold, they were in the wrong. Now not only did defendants not deliver the 5-ton trucks as they had agreed to do, but they kept (and ultimately sold) the two 3½ ton trucks which plaintiff had delivered in part payment, thereby violating the rule that a vendee who seeks to disaffirm his purchase must seasonably restore what the vendor delivered to him, for as to those trucks, plaintiff was in the position of vendor.

Coming, then, to the assignments of error, we cannot sustain those complaining that the jury was instructed that on the evidence the effect of turning over the 3½ ton trucks to defendants was equivalent to paying $6200 on the purchase price. In so charging the jury, the court properly followed Gloekler v. Painter, 272 Pa. 131, in which it is said: "Here, cash was not turned over, but an automobile at an agreed price, and the same rule should control. 'The measure of damages for breach of a contract to pay a fixed sum in a particular commodity or specific articles of property is the sum stated, and the value of the commodity at the time of the breach is not material.': 17 C. J. 865. The defendant was to pay for the old car by the delivery of one that was new, in which event he was to receive

an additional sum in money. He has failed to comply with his agreement; as a result, he must pay the stipulated value of that which he received and converted to his own use: Cf. Goodwin v. Heckler, 252 Pa. 332.'' See, too, the Sales Act of 1915, P. L. 543, sec. 63.

The assignments suggesting that the charge was prejudicial and unfair to defendants, are overruled; we find nothing in the instructions complained of, considered with the entire charge, which in any way supports those assignments.

The remaining complaint arose in the following circumstances. Prior to December 15, 1921, defendants were co-partners, trading under a firm name. Later a corporation with the same name was formed by defendants and another, and defendants' business was turned over to it. Defendants contend that the transaction with the plaintiff in February 1922 was with the corporation. The contracts as executed by defendants do not support their contention. They also offered to prove by one of the defendants that plaintiff knew of the change and had dealt with them in the light of such knowlelge. The court refused it, and that refusal is assigned for error. In this case, the offer was properly refused, because the only witness by whom it was sought to prove the fact had already testified in response to a direct question on the subject, that he ''could not say'' that plaintiff knew of their incorporation when the sale of the trucks took place. It was not proposed to prove the fact by any other witness. Accordingly in the absence of evidence on the subject, the court was right in refusing defendants' point of charge on the same subject.

As the brief disputes neither the claim for truck hire nor the repair bill, nothing has been said about them here.

Judgment affirmed.