## Klee and Lustig *v.* Silver  et al.

*Real estate—Sales—Title—Defects—Affidavit of defense—Insufficiency—Reimbursement of conveyancing expenses.*

In an action of assumpsit for money paid on account of the sale of real estate, an affidavit of defense is insufficient, which admits the defect in the title caused by an illegal encroachment, but avers that such encroachment is immaterial.

A title is not marketable which exposes the party holding it to litigation. If the vendor has covenanted to convey a marketable title, and when the time arrives for carrying out his agreement, he is unable to do so, the vendee has a right to rescind and recover back the portion of the money he has paid.

On a claim for expenses incurred in the examination of the title, the case is for the jury where there is no allegation to indicate that the amount paid was a reasonable sum to pay for the work which was done, or that the expenditure of so large a sum was necessary.

Argued April 26, 1926. Appeal No. 53, April T., 1926, by defendants, from judgment of C. P. Allegheny County, July T., 1925, No. 1356, in the case of Bennie Klee and Frank Lustig v. Pearl Silver and Louis Silver. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.     . .

Assumpsit for money paid on account of the sale of real estate. Before Kline, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The Court made absolute the rule and entered judgment in favor of the plaintiffs in the sum of $1,150. Defendant appealed.

*Error assigned* was the decree of the Court.

*Charles H. Sachs* of *Sachs & Caplan,* for appellant.

*L. C. Barton,* for appellees.

OPINION BY LINN, J., July 8, 1926:

This is an appeal from judgment for want of a sufficient affidavit of defense. The plaintiffs who were the vendees under a contract of sale of a house and lot, rescinded, and sued to recover $1,150, of which $1,000 was hand money paid by them to the defendants; the balance, $150, they averred "was paid for the examination" of the title to the land. They averred that by writing, made part of the statement, they agreed to purchase, and defendants agreed to convey by a good and marketable title, the land in question, and that a survey showed that the buildings on the land encroached from a fraction of an inch to something over two inches—by what was described as a bulge—on the adjoining lot to which the defendants did not have title, and that as plaintiffs had made the payments on the strength of the agreement, they were entitled to recover them. Defendants admitted the payment of the $1,000 but denied the payment of the lump sum of $150 for the examination of the title, and denied knowledge or means of knowledge of investigating whether that sum was so paid; they admitted the alleged encroachment on the adjoining lot but set forth that in litigation (Glinn v. Silver, 64 Pa. Superior Ct. 383) it was held that the owner of the adjoining lot (Glinn) could not require the defendants in the suit now before us (Silver) to remove the building or overlap, the reason for that decision being that Glinn had himself so negligently built the wall under a contract properly to build it for the defendants Silver. We agree that the affidavit is not sufficient as to the $1,000 hand money; but differ from the court below as to the $150 item.

The affidavit of defense states that at one point the encroachment on the adjoining lot is ¾ of an inch at the top of the foundation and at six feet above the foundation it is 1⅜ inches; the linear ex-

tent of the encroachment on the lot does not appear nor is its area given, but the agreement of sale to convey the lot of ground and the building can only be performed if the defendants have title to the lot and the building, which their affidavit shows they do not have.  They say that in the suit referred to, they have shown that the adjoining owner cannot require them to withdraw the encroachment from his land.  It has however not been adjudged that their title to so much of the adjoining lot as they occupy is good and marketable; for it was said in the opinion of this court in Glinn v. Silver, supra, that "the occupation, unlawfully, of a portion of a lot of ground does not convey title to it to the defendant nor does it affect the plaintiff's title or his right to recover damages for the trespass."  Such an action the present plaintiffs might be called on to answer as soon as they took title, if they chose to waive strict performance by the defendants and accepted their deed.  "A title is not marketable which exposes the party holding it to litigation.  If a vendor has covenanted to convey a marketable title, and when the time arrives for carrying out his agreement he is unable to do so, the vendee has a right to rescind and recover back the portion of the money he has paid.": McCloskey v. Timmons, 74 Pa. Superior Ct. 12, 19; see also Reighard's Estate, 192 Pa. 108, 111. Plaintiffs are therefore entitled to recover the hand money, with interest.

While the statement of claim avers that the sum of $150 was "paid for the said examination of said title," there is no allegation to indicate that it was a reasonable sum to pay for what was done, or that the expenditure of so large a sum for that purpose was necessarily so incurred.  While "it has long been settled that on default by the vendor, without fraud, the vendee may recover for expenses necessarily or properly incurred on the faith of the con-

tract, with the consideration paid''; (Eberz v. Heisler, 12 Pa. Superior Ct. 388; Rugg v. Midland Realty Co., 261 Pa. 453) it is common knowledge that the ordinary examination of a title and title insurance by a responsible company costs much less than the amount here claimed; the denial in the affidavit of defense adequately put at issue that element in the transaction and on that item defendants are entitled to go to a jury.

The record is returned with instructions to enter judgment for plaintiffs for $1,000 with interest, with leave to them to proceed to trial for the reasonably necessary expenditure for the examination of the title.