## Praid v. Klein Motor Car Company.

*Orrin E. Boyle*, for plaintiff; *Martin L. Yost*, for defendant and motions.

IOBST, J., March 4, 1929.—On Aug. 14, 1923, plaintiff agreed to buy a Maxwell sport touring-car from the defendant for $1125. Defendant's salesman agreed to take in payment plaintiff's Stearns-Knight touring-car at an agreed price of $375 and the balance in cash. Pursuant to this agreement, the plaintiff delivered the Stearns-Knight car and $50 in cash to the defendant on Aug. 14, 1923. Subsequently, to wit, on Aug. 25, 1923, another agreement was entered into between the plaintiff and defendant by one Clayton A. Klein, vice-president and treasurer of the defendant corporation, at which time plaintiff paid an additional $50 on account of the purchase price. While this agreement bears the signature of the salesman, the uncontradicted evidence shows that the name of the salesman was in fact affixed thereto by the said Clayton A. Klein. On this agreement Klein noted plaintiff's cash credit and allowance of $375 for his car, making a total allowance of $475 as a credit on the purchase price. In this agreement it is also stipulated that the defendant is to make delivery of the Maxwell car on or about April 2, 1924, at which time plaintiff was to pay the balance due. On April 2, 1924, the plaintiff tendered to the defendant his certificate of title to the Stearns-Knight car and the sum of $650, balance due under the contract, but delivery of the Maxwell car was refused. Plaintiff then sued for breach of contract.

There is no doubt as to the defendant's acceptance of plaintiff's car, for it is admitted that the defendant later sold the car to another party at a price

of $375, accepting a deposit of $50 on that sale. Sometime in November, 1923, the Stearns-Knight car, badly damaged and unfit for use, was placed in front of plaintiff's home by some undisclosed party, and was later towed away by plaintiff. As a defense for non-compliance with the contract, the defendant alleges that the salesman was not empowered to enter into the agreement of Aug. 14, 1923, and that the Stearns-Knight car was delivered to it merely for the purpose of selling the car for plaintiff to some prospective customer, and, not being able to effect such sale, the car was returned to plaintiff. At the trial, Clayton A. Klein, however, testified that the defendant actually sold the car for $375, accepting a deposit on it, but that the car was later returned for want of a certificate of title.

The verdict was in favor of the plaintiff for $475, with interest from April 2, 1924, total verdict being for $502. Defendant then filed motions for a new trial and for judgment *n. o. v.*, and the case came on for argument. The disposition of these motions is now before us. We will confine our review specifically to the questions raised.

In support of its motion for judgment notwithstanding the verdict, defendant claims that there is no evidence upon the record to show that plaintiff tendered either a vendor's affidavit or a certificate of title, as required by law, at the time of the delivery of the car to the defendant. In answer to this complaint, we say that the contract was an executory contract, not enforceable until on or about April 2, 1924, at which time the uncontradicted testimony shows that plaintiff did tender a legal certificate of title as required by the Act of May 24, 1923, § 4, P. L. 425, and tendered $650, the balance due under the contract. If defendant in the first instance accepted the car without the certificate of title, it cannot now say that the plaintiff was in duty bound to deliver the certificate until the legal requirements of the contract obligated him to do so, to wit, on or about April 2, 1924, when the sale was to be consummated, the act stating that the certificate is to be delivered at the time of the sale or delivery thereof. Defendant could not claim title to the Stearns-Knight car until it had complied with the terms of the contract, to wit, the delivery of the Maxwell car.

On its motion for a new trial, defendant alleges as error permission to read into the record paragraph 14 of the statement of claim and the corresponding paragraph in the affidavit of defense. The answer was a bald denial, and a further reference to paragraph 16 of the affidavit. An examination of paragraph 16 discloses no answer to paragraph 14, and, therefore, we held this paragraph admissible under the Practice Act: See Buehler *v.* U. S. Fashion Plate Co., 269 Pa. 428. A further objection is raised in regard to the charge of the court relative to ratification of the contract by the defendant of the act of its salesman and the affirmance by the court of the plaintiff's second point for charge relative to ratification. Under the facts of the case, the question of ratification of the contract was properly submitted to the jury. Defendant raises the further objection that the measure of damages submitted to the jury as to the value of the Stearns-Knight car was erroneous. The value of plaintiff's car was fixed by the parties. For the Maxwell car, plaintiff was to pay money and a commodity—an automobile. The measure of damages was the price agreed upon for plaintiff's car and the money deposited by him on account of the purchase price.

In the case of Gloekler *v.* Painter, 272 Pa. 131, 134, the Supreme Court says: "In the present case, the second-hand automobile was purchased by appellant for $1600, and he took possession of it and used it for a considerable time; in effect, there was a payment of this sum on account of the new car

contracted for. If a vendor has sold goods and made delivery, it is clear that the measure of damages for non-payment would be the stipulated price: Ballentine v. Robinson, 46 Pa. 177, 179. With like reason, the vendee who performs or tenders performance of his obligation under a contract, when the vendor is unable to carry out his part of the agreement, may rescind and recover any portion of the purchase money he may have paid: Rugg v. Midland Realty Co., 261 Pa. 453; Terry v. Wenderoth, 147 Pa. 519; 24 Ruling Case Law, 65. Here, cash was not turned over, but an automobile at an agreed price, and the same rule should control. "The measure of damages for breach of a contract to pay a fixed sum in a particular commodity or specific articles of property is the sum stated, and the value of the commodity at the time of the breach is not material:" 17 Corpus Juris, 865. The defendant was to pay for the old car by the delivery of one that was new, in which event he was to receive an additional amount of money. He has failed to comply with his agreement; as a result, he must pay the stipulated value of that which he received and converted to his own use: Cf. Goodwin v. Heckler, 252 Pa. 332. See, also, Luck v. McNeil, 86 Pa. Superior Ct. 396.

Defendant's motions are, therefore, overruled.

### Decree of court.

Now, March 4, 1929, defendant's motions for a new trial and for judgment notwithstanding the verdict are overruled.

From Edwin L. Kohler, Allentown, Pa.