GEORGE A. McLAREN, RESPONDENT, v. MARMON-OLDSMO-
BILE COMPANY, A CORPORATION, APPELLANT.

Argued November 19, 1920—Decided February 28, 1921.

1. In a written contract, where there is no ambiguity in its terms, its interpretation is a question of law for the judge, and should not be left to the jury.
2. In the present case suit is brought for damages resulting from the failure by the defendant to deliver the car when it arrived and was available, and the measure of damages is the difference between the contract price and the market price at the time defendant was able and refused to deliver it.

---

On appeal from the Supreme Court.

For the respondent, *Haines & Chanalis.*

For the appellant, *Saul Cohn.*

The opinion of the court was delivered by

WILLIAMS, J. This is an appeal from a judgment entered for the plaintiff at the Essex Circuit in the Supreme Court. The plaintiff and defendant entered into a contract, in writing, of which the following is a copy:

*"The Marmon-Oldsmobile Company, Newark, N. J.:*

"You are hereby authorized to enter my order on your books for one Marmon Type 34—4 Pas. Roadster as per specifications given below, for which I agree to pay the sum of List price of 1920 Model, Price Guaranteed to be not over $3,950.00.

"Credit for used car 1918 Marmon.        $2,500.00.

"Credit by Deposit

           "[Payable on notification that]

"Balance

           "[The car is ready for delivery]

"Delivery date on or about Sept. 15, 1919. F. O. B. Newark, N. J.

"[See Catalogue for regular equipment, etc.]

"Remarks, 1918 Marmon to be delivered to us not later than July 7/19 in as good condition as at present time.

"In the event of the failure or refusal of the purchaser promptly to carry out this contract and pay the balance due thereon, the payment already made, may, at the option of the seller, be retained as liquidated damages.

"This contract expresses the entire agreement between the parties; all previous verbal or written communications between the parties, with reference to the subject-matter hereof are hereby abrogated; no modification of this contract shall bind either party unless such modification shall be in writing, signed by the purchaser and accepted by the Company. All contracts and sales are made without lia-

bility on our part for delay arising from strikes, accidents or other causes beyond our control. This order is not binding unless accepted by an officer of the Marmon-Oldsmobile Company.

"GEORGE A. McLAREN,

"[Purchaser.]

"Accepted June 25th, 1919.

"Marmon Olds Co.

"By C. W. OATHOUT, *Treas.*"

The used car was delivered to the defendant by the plaintiff July 7th, 1919, according to the terms of the contract, and converted to the use of the defendant and later sold by it for $2,500.

The new car was to be delivered "on or about September 15th, 1919." The defendant did not have the car for delivery on this date, and put off the plaintiff with promises of delivery on various excuses for six months. On March 19th, 1920, the defendant could have delivered the car called for, and at this time plaintiff tendered the balance of the purchase price, $1,450, in cash, and demanded delivery of the car; this the defendant refused to do unless plaintiff would pay the war tax and freight, amounting, approximately, to $333. The plaintiff was unwilling to do this, and the defendant then refused to deliver. The price of the automobile in the meantime had advanced, and the market price on March 19th, 1920, was $5,333, delivered f. o. b. Newark.

Thereupon plaintiff brought suit to recover damages for the failure by the defendant to deliver the car when it had arrived and was available, but not for damages as a result of delay in delivering the car, and to recover the $2,500 agreed to be paid for the used car. The defendant's answer admitted the making of the contract, but denied the value of the used car, and that the plaintiff tendered the moneys required to be paid under the contract, and that it retained the used car and refused to pay the value thereof.

Application was made to strike out the answer to both

counts, for the reason that the allegations set forth in the answer were untrue, sham, frivolous and disclosed no defence to the action. Upon affidavits submitted, and a motion based thereon, the Chief Justice made an order striking out the answer, and that final judgment be entered for the plaintiff, for the value of the used car, for the sum of $2,628.34; and also that the plaintiff be permitted to prove, in accordance with the rules of the Supreme Court, his damages for non-delivery.

This matter came on to be heard before Judge Dungan and a jury. Defendant's counsel contended that all the plaintiff was entitled to was the difference in value, according to the contract, and the market price of the car in September, 1919, when it was to be delivered, and not six months thereafter. It was testified that the market price of the car on March 19th, 1920, was $5,333, delivered f. o. b. Newark. The jury assessed the damages in favor of the plaintiff for $1,393.61, and a judgment was entered thereon. The notice of appeal is from this judgment.

In the present case suit is brought for damages resulting from the failure by the defendant to deliver the car when it arrived and was available, and the measure of damages is the difference between the contract price and the market price at the time defendant was able and refused to deliver it. See also *Jordan* v. *Patterson,* 67 *Conn.* 473; 35 *Atl. Rep.* 521.

The defendant filed seven grounds of appeal, but only two points are argued in his brief. The first is that it was error to strike out the answer of the defendant upon the ground that it was deprived of the right to submit evidence to the jury of the meaning in the automobile trade of the words "list price," as used in the contract. While the contract used the words "list price," it is unnecessary to define these words, as it is clearly stated that that price was "guaranteed to be not over $3,950," and, as the plaintiff admitted liability to that extent, there was no jury question.

Both plaintiff's and defendant's counsel cite and seem to rely on the case of *Smith & Wallace Co.* v. *Lunger,* 64 *N. J.*

*L.* 539; the application of this case, however, depends upon whether there is any ambiguity in the terms of the contract.

In a written contract, where there is no ambiguity in its terms, its interpretation is a question of law for the judge and should not be left to the jury. There is no ambiguity in the terms of the contract in question, and the action of the Chief Justice in striking out the answer was proper.

The next point is, that it was error to strike out the answer because it precluded the defendant from submitting to the jury certain facts set forth in defendant's affidavit on the motion to strike out, one of which was that the parties had, subsequent to the contract, entered into an oral agreement by which the plaintiff was to pay the war tax and freight.

There are two answers to this. The first is, that, assuming such alleged oral agreement not to be within the "Act concerning the sale of goods and to make uniform the law relating thereto"—*Pamph. L.* 1907, *p.* 311, § 4 (1), a careful examination of the affidavits used on the motion fails to disclose any agreement modifying the terms of sale, or anything more than two or more counter-propositions, none of which was accepted. The second answer is, that even if plaintiff had agreed to pay more than the original price, no consideration whatever for such agreement can be discovered in the proofs.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   12.

*For reversal*—None.