174 U.S. 360
 19 S.Ct. 719
 43 L.Ed. 1005
 RATON WATERWORKS CO.
v.
TOWN OF RATION.
 No. 272.
 May 15, 1899.
 
 In August, 1895, the Ration Waterworks Company, a corporation organized under the laws of the territory of New Mexico, filed, in the district court of the county of Colfax, territory of New Mexico, a bill of complaint against the town of Ration, a municipal corporation of that territory.
 It was narrated in the bill: That a contract had been entered into in July, 1891, between the waterworks company and the town of Raton, whereby the company agreed to erect and maintain waterworks, and to supply the town and its inhabitants, and the town agreed to pay rental for the use of hydrants in certain amounts during a period of 25 years. That the waterworks company had fully performed and complied with the contract on its part at an expenditure of $115,000. That the town, from time to time, made certain payments of rental for hydrants furnished. That on January 1, 1895, the town, in pursuance of ordinances, issued to the wateroworks company, in payment, warrants of said town, of that date, and falling due one every six months, and aggregating several thousand dollars. Each of said warrants was duly drawn on the treasurer of the town of Raton, signed by the mayor, and countersigned by the recorder of said town. That in pursuance of law it was the duty of the treasurer of the said town to have and keep in his office a book to be called 'The Registry of Town Orders,' wherein should be entered and set down, at the date of the presentation thereof, each of said warrants, and to pay out of the funds of said town in his hands for disbursement the amount of each of said warrants in the order in which the same were presented to him for payment. That subsequently the board of trustees of said town wrongfully and without authority of law, and in disregard of the contract rights of the waterworks company, undertook to repeal the ordinance in which the terms and method of payment for the rent of hydrants were prescribed, and to pass certain other ordinances in conflict with the preceding ordinances under which the rights of the company had accrued. That, in pursuance of the latter ordinances, the town treasurer refused to register warrants held by the company and presented for registration. That, in addition to the amount of said warrants, there will accure and become due to the company semiannually during the continuance of said contracts the sum of $1,962.50. That said town refuses to pay the said several amounts heretofore accured and payable, and refuses to pay the said several amounts which will hereafter accrue, and gives out and pretends that the said contract is inoperative and invalid, and refuses to perform the same on its part, although in the possession, use, and enjoyment of the said water plant under said contract.
 The bill prayed that the town of Raton should be decreed specifically to perform the said contract, and to pay the amounts of said rental which had theretofore accrued and become payable, and might thereafter accrue and become payable, in pursuance of the terms of the contract, and should be enjoined from enforcing said repealing ordinances.
 The defendant, in its answer, admitted the making of the contract; the performance thereof by the company; that the board of trustees issued to the company the several warrants, drawn in manner, amount, and number as alleged in the bill, that it was the duty of the treasurer of the town to keep in his office a book of registry, but denied that it was the duty of the treasurer to enter and set down, at the date of the presentation thereof, each of said warrants, and to pay out of the funds of the town in his hands for disbursement the amount of each of said warrants in the order in which the same were presented, or in any other order, said warrants being illegal, null, and void. Also admitted the passage of the original ordinance prescribing the method of payment of rental by the issuance of warrants, and the passage of the repealing ordinance complained of, and that it has been and now is in the possession, use, and enjoyment of the water plant of the waterworks company. The answer likewise admitted that it has given out that said contract, so far as it calls for the payment of $1,962.50 semiannually, is inoperative and invalid, and that it has refused to pay said sum semiannually.
 By way of defense, the answer alleged that defendant, as a municipal corporation of the territory of New Mexico, is authorized by law to levy each year and collect a special tax sufficient to pay off the water rents agreed to be paid to the complainant, provided that said special tax shall not exceed the sum of 2 mills on the dollar for any one year; that said alleged semiannual rental of $1.962.50 claimed by the complainant is far in excess of the amount derivable from a 2-mill tax levy on the assessed value of property subject to taxation within said town of Raton, and that said rental, so far as it is in excess of the proceeds of such a tax levy, is illegal; that said original ordinance, so far as the same imposes upon the defendant the obligation to pay complainant an annual sum greater than the proceeds of a 2-mill tax, or to impose a tax levy greater than said rate, was and is null, void, and inoperative, the same having been made and entered into by defendant's trustees in violation of law, and in excess of the powers conferred upon them by the statutes of New Mexico; and that the warrants issued to complaint were and are null and void, because issued in excess of the amount derivable from a 2-mill tax levy on each dollar of taxable property.
 Having thus answered, the defendant pleaded 'that all and eve y the matters the complainant's bill mentioned and complained of are matters which may be tried and determined at law, and with respect to which the complainant is not entitled to any relief from a court of equity, and this defendant asks that it shall have the same benefit of this defense as if it had demurred to the complainant's bill.'
 The cause was heard on bill and answer, and in September, 1896, the said district court entered a decree in accordance with the prayer of the bill, decreeing that the said original ordiance, contract, and agreement should in all things be specifically performed by and on the part of the town of Raton, and that the town should issue and pay the warrants out of any funds or moneys in the treasury of the town, whether derived from general or special taxes. From this decree an appeal was taken to the supreme court of the territory, where the decree of the lower court was reversed, and an order was entered directing the lower court to dismiss the bill at the costs of the waterworks company. 49 Pac. 898. The cause was then brought to this court on an appeal from the decree of the supreme court of the territory.
 Henry A. Forster, for appellant.
 N. B. Laughlin, for appellee.
 Mr. Justice SHIRAS, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 The waterworks company, when it filed its bill in this case, was in possession of warrants that had been issued to it by the town of Raton in pursuance of the provisions of a contract existing between the company and the town. Those warrants were in the form of drafts drawn on the treasurer of the town, signed by the mayor, and countersigned by the recorder of the town. They were for specific sums of money, payable at fixed periods, bearing interest from date, and some of them past due when the bill was filed.
 
 
 2
 In short, the warrants, if valid, were legal causes of action enforceable in a court of law. The defendant did not waive the question, but averred in its answer that the matters complained of in the bill were matters which could be tried and determined at law. And the supreme court of the territory, in its opinion, says: 'If the warrants upon which payment is sought here are valid, an action at law is the proper remedy to enforce their payment. They have been issued, and are claimed to be outstanding obligations against the defendant town, and it says they are void, and therefore declines to pay them. Then, if, in an action at law, judgment should be in favor of the legal holders, and defendant's trustees should decline to provide for their payment, mandamus would be the proper remedy to compel the necessary levy.'
 
 
 3
 In this state of facts we think the courts below erred in considering and determining the legal controversy in a suit in equity, but should have dismissed complainant's bill without prejudice to its right to bring an action at law. Barney v. Baltimore, 6 Wall. 280; Kendig v. Dean, 97 U. S. 423; Rogers v. Durant, 106 U. S. 644, 1 Sup. Ct. 623.
 
 
 4
 Accordingly, and without expressing or implying any opinion of our own on the merits of the controversy,
 
 
 5
 The decree of the supreme court of the territory is reversed, and the cause is remanded to that court, with directions to amend its decree by directing the district court to dismiss the bill without prejudice to the right of the complainant to sue at law.