[No. 1199, February 25th, 1908.]

JAMES J. HAGERMAN, Appellant, v. JAMES M. COWLES, Appellee.

## SYLLABUS (BY THE COURT).

1. Where no time for performance is specified in a contract, the performance must be within a reasonable time.

2. Under the facts shown in this case the question of reasonable time for performance, was one of fact, and should have been submitted to the jury.

Hagerman v. Cowles.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Associate Justice. Reversed and Remanded.

RICHARDSON, REID & HERVEY for Appellant.

"An amended answer complete in itself is to be considered as if it was the only answer which had been interposed in the case." 1 Enc. P. & P. 626.

"When the parties proceed to trial on the merits of the case without calling to the attention of the court the demurrer previously filed or demanding the ruling thereon the demurrer is waived." 6 Enc. P. & P. 329; McCarthy v. Yale, 39 Cal. 536; Huse v. Moore, 20 Cal. 115; Chesapeake & Ohio Ry. Co. v. American Exchange Bk., 92 Va. 496, 44 L. R. A. 449; Office of demurrer, Philips on Code Pleading, sec. 86.

"The entry of final judgment in the cause is in effect an overruling of all motions pending prior thereto in the case." 14 Enc. P. & P. 171.

Where no time for performance is fixed by the contract, the law implies that the performance is to take place within a reasonable time. Reedy v. Smith, 42 Cal. 245; Florence Gas Co. etc. v. Hanley, 101 Ala. 15; Pa. Ry. Co. v. Reichert, 58 Md. 261; Adams v. Foster, 5 Cush., Mass. 156; Sharp v. Johnson, 5 Lans., N. Y. 520; Adams v. Adams, 26 Ala. 272; Kankakee etc. R. Co. v. Fitzgerald, 17 Ill. App. 525; Greenwood v. Davis, 64 N. W. 26; Clifford v. Richardson, 18 Vt. 620; Wildeman v. Pitts, 29 Ill. App. 528; Jackson v. Conlin, 50 Ill. App. 538; Sewall v. Wilkins, 14 Me. 168; Grant v. Merchants etc. Bank, 35 Mich. 516; Gardall v. Streeter, 16 N. H. 97; Clifford v. Richardson, 18 Vt. 620; Koerper v. Royal Ins. Co., 77 S. W. 307; Bryant v. Saling, 4 Mo. 522; Salisbury v. Rerrick 44 Mo. 554.

If the contract has been performed substantially and deviation from the contract has been made, but not wilfully or in bad faith, the party so performing can recover the contract price, less the amount of damages caused by such deviation. The amount of such damages is usually the expense of completion according to contract. 3 Page on Con-

tracts, sec. 1385; 3 Page on Contracts. 1605; Dermott v. Jones, 23 How., U. S. 220; Elliott v. Caldwell, 43 Minn. 357, 9 L. R. A. 52, 45 N. W. 845.

A plaintiff having but one right of action is not permitted to set it forth in two or more different forms. Phillips on Code Pleading 206.

FREEMAN, CAMERON & FULLEN for Appellee.

No brief for appellee.

## OPINION OF THE COURT.

MANN, J.—The appellee, James M. Cowles, brought an action in the District Court of Chaves County against James J. Hagerman, for a balance alleged to be due him upon a contract for the boring of an artesian well, for the appellant at Hagerman, New Mexico.

The contract did not specify the time within which the well was to have been completed, but one of the defenses set up by appellant Hagerman, was that the well was not completed within a reasonable time. There is considerable testimony in the record tending to show that Cowles was something like fifteen months at work on this well, at intervals, and that ordinarily wells of like character in the vicinity were bored in three or four months. True, the the testimony shows that at least a part of the delay was caused by appellee's misfortune, in losing tools, etc., but there is a conflict as to whether under the circumstances the work was done, if at all according to contract, within a reasonable time.

The trial court limited the issue, in his instructions, to whether or not the work was done in a workmanlike manner and refused an instruction asked by appellant to the effect that appellee was required to do the work within a reasonable time. This we think was error, as it seems to be well settled that where a contract is silent as to time, the law implies that it is to be performed within a reasonable time. 9 Cyc. 611 and authorities cited; Minneapolis Gas Co. v. Kerr Murry Co., 122 U. S. 300; Minez v. Dantel, 19 Wall. 560; Frane v. The Ella, 48 Fed. 569; Philips v. Morrison, 3 Bib. (Ky.) 105, 6 Am. Dec. 638.

2nd.   It is sometimes a question of law for the court whether a contract has been performed in a reasonable time, as when it depends upon the construction of a written contract only, or upon undisputed extrinsic facts, but when it depends upon disputed facts extrinsic to the contract, it is for the jury.   9 Cyc. 615; Cotton v. Cotton, 75 Ala. 345; Luckhart v. Ogden, 30 Cal. 547; Hill v. Hobart, 16 Me. 164.

We think it was a material issue in this case whether the appellee, if he ever in fact completed the well, did so within a reasonable time under all the circumstances in the case.   The record shows that a year after the well was commenced, appellant hired another party to put down a well within a few feet of the one bored by appellee, and that the second well was completed and a good flow of water secured therefrom within three or four months.

The contract between these parties, which is in writing, provided that the work was to commence at a given time and be carried forward to completion, "faithfully and continuously", thus showing the intention of the contracting parties, that no more than a reasonable length of time was contemplated for the completion of the well.

Several errors are complained of, but we think without merit, except as above indicated.

For the reasons given, the cause will be reversed and remanded for further proceedings.