[No. 1282, August 29, 1910.]

# JAMES M. COWLES, Appellant, v. JAMES J. HAGERMAN, Appellee.

### SYLLABUS.

1. The contract sued on is silent as to the time for complete performance and in such case the law requires the same to be performed within a reasonable time from the date of the contract.

2. Upon former trial of case upon the same evidence, the court held that it was for the jury whether the contract had been performed in reasonable time and upon this issue the former decision has become the law of the case.

3. Neither the payments made nor the failure of the appellee to stop the work sooner furnish any evidence of any intention by the appellee to accept the work or waive any defense he might have under the law, growing out of the failure of the appellant to perform the contract.

4. Instructions must be based upon the evidence and where there was no evidence to warrant a requested instruction it was not error for the court to refuse to give it.

5. The appellee in notifying appellant to stop work took the responsibility of liability to pay, in the event of the court's finding that the contract had been performed within a reasonable time.

6. Instructions given in court below concisely stated the law applicable to liability or non-liability of the appellee.

7. Judgment rendered upon verdict by jury supported by substantial evidence should not be disturbed by appellate court.

8. Evidence did not warrant recovery upon quantum meruit for the value of the labor performed.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Affirmed.

EDEN & BOWERS for Appellant.

Where there is no dispute as to the facts, the question of what is a reasonable time for the performance of a contract is for the court. Nunez v. Dautel, 19 Wall. 560, 22 L. ed. 161; Herkinson v. Dry Placer Co., 6 Colo. 274; 9 Cyc. 615; Luckhart v. Ogden, 30 Cal. 547.

Where one party to a contract fails to perform in a reasonable time, if the other party makes partial payments after such default, or urges or permits him to continue in the performance, or by his conduct treats the contract as still existing, this constitutes a waiver of the right to insist on the breach for failure to perform in time. 3 Page on Contracts, arts. 1496, 1502; German Svgs. Inst. v. Machine Co., 70 Fed. 146; McArthur Bros. v. Whitney, 67 N. E. 163; Eyster v. Parrott, 83 Ill. 517; Brodeck v. Farnum, 40 Pac. 189; Wortman v. Mont. Cent. Ry., 56 Pac. 316; Jeffrey Mfg. Co. v. Cent. C. & I. Co., 93 Fed. 408; Hamilton v. Woodworth, 42 Pac. 849; So. Pac. v. Amer. Well Works, 49 N. E. 575; Howard v. Thompson Lbr. Co., 15 S. W. 1092; Linch v. Elevator Co., 15 S. W. 208; Prentiss v. Lyons, 29 So. 944.

It was not permissible for the court to pass on the weight of the evidence. Palmer v. Miller, 49 N. E. 975; Baxter v. Knox, 44 N. W. 972.

REID & HERVEY for Appellee.

The question as to whether a contract has been performed within a reasonable time is a mixed question of law and fact and the rule seems to be that if the reasonableness of time in any particular case can be decided according to settled legal principles without passing judgment on the facts, it is for the court to determine it; otherwise it must be left to the jury, with proper instructions. Jones on the Law of Evidence, sec. 172, Note to the case of Aymar v. Beers, 17 Am. Dec. 546; 9 Cyc. 613, 615; Hagerman v. Cowles, 94 Pac. 946 and cases cited.

STATEMENT OF THE CASE.

This case was before the Supreme Court at a former term and the facts as shown by the record are as follows: The citizens of the town of Hagerman desired an artesian

Cowles v. Hagerman.

well drilled for the purpose of supplying the town with water. Mr. J. J. Hagerman agreed to have such a well drilled, he being a large lot owner at Hagerman, one of the conditions being that the citizens purchase a certain number of lots from him.

On September 5th, 1903, a contract was entered into between Mr. Hagerman and Mr. Cowles, the appellant, for the drilling of the well. Appellant worked at this well, but not continuously, for about eighteen months without obtaining a sufficient flow of water or going to the required depth under his contract. The well was to be cased throughout with casing not less than 5 5-8 inches in diameter. The drilling was impeded by the loss of drill bars so that it was difficult, if not impossible, to continue the 5 5-8 inch casing and for that reason Cowles requested Hagerman to agree that the hole made for the 5 5-8 casing be enlarged by rimming out, or reduced to 4 5-8 inch casing for the reason that he could not put in a 5 5-8 inch casing further down, but Hagerman declined to agree to either proposition and the well was never completed according to the contract; Hagerman ordering the work discontinued in April, 1905.

The plaintiff in the lower court sued to recover the sum of $1,562.50 an alleged balance due for labor claimed to have been performed by him under the above contract.

Upon the first trial, the plaintiff recovered a judgment for $1,000.00 but upon appeal by the defendant the cause was reversed and remanded by this court.

Upon the second trial, by stipulation upon the same evidence, the jury returned a verdict for the defendant upon which judgment was rendered by the court below and the plaintiff Cowles appealed to this court.

### OPINION OF THE COURT.

McFIE, J.—The contract sued on in this case is silent as to the time of complete performance and in such case the law requires the same to be performed within a reasonable time from the date of the contract. Cyc. Vol. 9, p. 614, and citations, Neher v. Viviani, et al., decided at this term.

Upon the trial, the court submitted the question of reasonable time to the jury as a question of fact, in paragraphs 12, 13, 14, and 15 of is instructions.

The first three assignments of error are based upon the giving of these instructions.

This question is not an open one on this appeal. The case was tried upon the same evidence as that upon which the case was decided on the former trial. When the case was before this court upon the former appeal the court held:

"It is sometimes a question of law for the court whether a contract has been performed in a reasonable time, as when it depends upon the construction of a written contract only, or upon undisputed extrinsic facts; but when it depends upon disputed facts extrinsic to the contract it is for the jury. 9 Cyc. 615; Cotton v. Cotton, 95 Ala. 345; Luckhard v. Ogden, 30 Cal. 547; Hill v. Hobart, 16 Me. 164. We think it was a material issue in this case whether the appellee, if he ever in fact completed the well, did so within a reasonable time under all the circumstances in the case. The record shows that a year after the well was commenced appellee hired another party to put down a well within a few feet of the one bored by appellant and that the second well was completed and a good flow of water secured therefrom within three or four months.

The contract between these parties, which is in writing, provided that the work was to commence at a given time and be carried forward to completion "faithfully and continuously," thus showing the intention of the contracting parties that no more than a reasonable length of time was contemplated for the completion of the well." Hagerman v. Cowles, 94 Pac. 946.

As will be observed, the court held that upon the evidence before the court the question should have been submitted to the jury. Upon this issue, therefore, the former decision has become the law of the case and will not be reviewed in this case. Crary v. Field, 10 N. M. 257.

The refusal of the court to give to the jury plaintiff's

requested instruction Nos. 1, 2, 2a, and 3, are assigned as error.

These instructions raise the only remaining point relied upon in the oral argument by appellant's counsel, namely, that if appellee, Hagerman, by his conduct and partial payments, accepted the work he waived the time of performance and was bound to pay according to his contract.

By reference to the contract, which is in writing, it will be observed that it provides that appellee shall be required to pay at least fifty per cent of the contract price of the artesian well, monthly, as the work progressed, and the plaintiff admits in his pleadings that sixteen hundred dollars were actually paid pursuant to the contract.

Under the contract, also, the appellee was given the option of causing the work to cease before the well reached a depth of one thousand feet. The appellant contends that because the appellee, Hagerman, made these payments and permitted the appellant, Cowles, to continue the work so long, he should be held to have accepted the work and waived his right to take advantage of the default of the appellant in failing to complete the contract within a reasonable time.

We cannot agree to the correctness of this contention. When the contract was entered into, the appellant, Cowles, was presumed to know the law, that where the contract was silent as to the time of its performance, it must be performed within a reasonable time. He assumed responsibility for his failure to do so, unless relieved therefrom by some affirmative act of the appellee, indicating his intention to do so.

Neither of the acts complained of indicate any such intention on the part of the appellee, as the payments were made as required by the contract regardless of the completion of the well, and the law and the contract required appellant to exercise diligence in the prosecution of the work without regard to the permission of the appellee.. Neither the payments made nor the failure of the appellee to stop the work sooner furnish any evidence of any intention by the appellee to accept the work or waive

Cowles v. Hagerman.

any defense he might have under the law, growing out of the failure of the appellant to perform the contract.

Instructions must be based upon the evidence and we hold that there was no evidence to warrant the requested instructions, nor was there error in the refusal of the court to give them.

The appellee after the expiration of about eighteen months, notified appellant to stop work upon the well. In so doing he took the responsibility of liability to pay, in the event of the court's finding that the contract had been performed within a reasonable time. Upon the trial the court among other instructions gave the following:

12. "The evidence shows, and it is not denied, that the defendant stopped the plaintiff from working upon the completion of the Mull well, which was some time in April, 1905. If you believe that at said date a reasonable time for the completion of the well had elapsed from the date of the contract to drill it and that it had not been completed according to contract then and in such event the defendan Hagerman had a right to order the plaintiff off the work and would not be liable for the work previously done and in that event you must find for the defendant."

13. "If on the other hand you believe that at the date of the completion of the Mull well in April, 1905, a reasonable time to complete the Cowles well had not elapsed since it was contracted for, the order to stop work on the well will in law be construed as an exercise by the defendant, Hagerman, of the right given under the contract to stop the plaintiff's work in advance of a thousand feet, and such stopping of the work under such circumstances would not prevent the plaintiff from recovering for the work already done at the contracted rate, provided said work had up to that time been done in accordance with the contract. If you believe from the evidence, therefore, that the defendant so stopped the work before a reasonable time had elapsed for its completion and that up to that point where stopped the plaintiff had done the work in a reasonably skillful and workmanlike manner and otherwise in full accordance with the contract, then and in that event the

plaintiff would be entitled to recover the balance due on nine hundred and seventy-seven feet, to-wit, the sum of $1,562.50, the amount sued for."

In our opinion these instructions concisely stated the law applicable to the liability or non-liability of the appellee, and the jury having returned a general verdict in favor of the appellee together with a special finding that the appellant had not performed the contract within a reasonable time, the judgment rendered upon these verdicts, supported as they are by substantial evidence should not be disturbed.

There was a count in the complaint upon the "*quantum meruit*," for the value of the labor performed, but as the evidence does not warrant a recovery upon this count it will not be further considered.

The judgment of the court below is affirmed.