199 P.2d 1001

**PUGH v. TIDWELL.**
No. 5136.

Supreme Court of New Mexico.
Nov. 24, 1948.

York & Schubert, of Hobbs, for appellant.

Harris, Williams & Johnson, of Hobbs, for appellee.

COMPTON, Justice.

Appellee instituted this suit to enforce specific performance of a contract in relation to personal property. From a judgment awarding damages only for its breach appellant brings this appeal.

The contract was in writing and is as follows:

"Tidwell Motor Company　　Telephone 25
"301 North Turner
"Hobbs, New Mexico
"July 27, 1940
"Certificate of Deposit

"This certifies that LeRoy Pugh has deposited with Tidwell Motor Company 1939 Plymouth DeLuxe Two Door Sedan in exchange for credit on New Deluxe Plymouth in the amount of $225.00, such credit is to be used when purchaser desires and when new car is available. The new Plymouth is to be sold Mr. Pugh at prevailing price in locality at time of delivery. Mr.

Pugh gives full title to 1939 Plymouth and says there are no liens against same. Tidwell Motor Company agrees to deliver purchaser new car in body type and color available in deluxe models. Tidwell also agrees to pay $275.00 cash today and also the credit on new car for the 1939 Plymouth signed and accepted this twenty-seventh day of July, 1940 at Hobbs, Lea County, New Mexico.

"/s/ LeRoy Pugh

"Received check for $275.00 and deposit.
"Accepted /s/ J. B. Tidwell
"Tidwell Motor Co."

Pursuant to the agreement the 1939 Plymouth Sedan was delivered to appellant.

On April 1, 1946, when a new car was available, at a market price of $1,219, appellee demanded delivery and tendered the balance of the purchase price. Appellant refused to make delivery and thereby breached the contract. Thereupon, this suit was instituted to specifically enforce its performance. By answer, appellant admitted the contract, challenged the jurisdiction of the court to grant relief, and tendered the amount of the deposit.

The case was tried to the court without a jury and when the parties had offered their evidence, appellant moved for a dismissal of the suit on the ground that the contract related to personal property, consequently, was unenforceable. Over the objections of appellant, and without expressly passing upon the motion to dismiss, the trial court announced that it would entertain a motion to amend the complaint to conform to proof *in the nature of damages*. Thereupon, appellee amended his complaint and sought damages only for breach of contract. Timely objection was urged that the amendment denied appellant the right of trial by jury.

The trial court, determining damages, used as a measure the difference between the market price of the car on April 1, 1946, the delivery date, and its market price on April 1, 1947, the date of trial, the market price in the meantime having advanced $230.00, and awarded judgment accordingly. Such measure of damages is assigned as error.

As we understand the rule, the measure of damages in such case, absent circumstances warranting special damages, is the difference between the agreed price at the time and place of delivery and the market price at time of refusal. Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; McLaren v. Marmon-Oldsmobile Co., 95 N.J.L. 520, 113 A. 236; Gloekler v. Painter, 272 Pa. 131, 116 A. 110; and Mazzeo v. Berkeley Motor Sales, Inc., 183 Misc. 628, 53 N.Y.S.2d 501.

It is also contended that the court erred in denying appellant the right of trial

by jury on the issue of damages. Obviously, the trial court concluded that once having acquired jurisdiction, it retained such jurisdiction for all purposes. Ordinarily, this is true but where a cause of action is completely changed from an equitable proceeding to one at law, either party at his option may demand a trial by jury. This is a substantive right, the denial of which is error. Mogollon Gold & Copper Co. v. Stout, 14 N.M. 245, 91 P. 724; Farnsworth v. Hunter, 11 Cal.2d 27, 77 P.2d 840; Garland v. Garland, 10 Cir., 165 F.2d 131; Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990; Crouser v. Boice, 51 Cal.App.2d 198, 124 P.2d 358.

It is indeed commendable that the trial court sought to dispose of the issues justly and in such manner as to avoid multiplicity of suits, nevertheless, equitable relief having been abandoned, we are of the opinion that the trial court erroneously denied appellant a trial by jury.

Whether appellee is entitled to have the contract specifically enforced, if he so elects, is not here presented. The trial court did not rule upon the question, consequently, we pass it. Ordinarily, however, contracts relating to personal property are unenforceable by reason of availability of adequate legal remedies. 49 Am.Jur., Specific Performance, Sec. 125, but exceptions to the rule are numerous where there is a lack of adequate legal remedies or where the measure of damages is difficult of ascertainment, Op.Cit., Sec. 126. To the same effect, 58 C.J., Specific Performance, Sec. 244, 250. See also Elephant Butte Alfalfa Ass'n v. Rouault, 33 N.M. 136, 262 P. 185.

Other errors are urged, but the conclusion reached renders discussion of these points unnecessary. The judgment will be reversed with directions to the trial court to reinstate the case upon its docket and grant a new trial, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., did not participate.