374 P.2d 297

Frank L. SCHREIBER, Plaintiff, Appellant and Cross-Appellee,

v.

Rogers N. ARMSTRONG and Kathryn Armstrong, Defendants, Appellees and Cross-Appellants,

v.

ARMSTRONG–SCHREIBER AGENCY, INC., a corporation, Cross-Defendant, Appellant and Cross-Appellee.

No. 6939.

Supreme Court of New Mexico.

Aug. 31, 1962.

Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, for appellant and cross-appellee.

Verity, Burr & Cooley, Farmington, for appellees and cross-appellants and defendants.

NOBLE, Justice.

Plaintiff brought suit against defendants on three promissory notes. Defendants admitted liability on the notes but counterclaimed, seeking an offset for damages caused by plaintiff's application of a payment of $1,000.00 made to him as secretary-treasurer of Armstrong-Schreiber Agency, Inc., to defendants' indebtedness to the corporation instead of to the purchase of corporate stock as directed. The corpora-

tion was joined as cross-defendant and the defendant cross-claimed for an accounting, for the issue of 10 shares of stock, and for wages due defendant, Kathryn Armstrong, under the express contract of hire. The appeal is from a judgment allowing defendants an offset for such damages and directing the corporation to issue stock to defendants.

Plaintiff, Frank L. Schreiber, and defendants, Rogers N. Armstrong and Kathryn Armstrong, were the only stockholders of Armstrong-Schreiber Agency, Inc., Schreiber holding 50 shares of its stock and the Armstrongs 25 shares each. To secure $2,000.00 additional capital, it was agreed that Schreiber would pay in $1,000.00 and receive 10 additional shares and that the Armstrongs jointly would buy 10 shares for a like sum. Defendants also owed the corporation $1,000.00 for money borrowed. In addition to agreeing to buy the stock, they agreed to repay their indebtedness to the corporation. Plaintiff was secretary-treasurer of the corporation. He paid in $1,000.00 and received his additional stock. Defendants paid to him $1,000.00 with specific direction to apply the money to the purchase of the 10 additional shares of stock. Plaintiff disregarded these instructions, applied the money to repayment of the borrowed money, and refused to issue the stock. Up to this time, Schreiber and the Armstrongs had been paid salaries in

direct proportion to their stock ownership. Upon plaintiff's acquiring control of the corporation, however, the services of defendants were terminated and plaintiff alone received a salary and commissions. The court concluded:

"4. The actions of plaintiff, Schreiber, in not applying the payment by Armstrong to the purchase of stock was a breach of a fiduciary relationship and he is personally liable to Armstrongs.

"5. The fiduciary breach had as its consequences the removal of the Armstrongs from active participation in the corporate enterprise and precluded their proper sharing in the earnings of the business."

Plaintiff Schreiber and the corporation have appealed.

The appeal first presents the question whether plaintiff was required to apply the Armstrong payment to the purchase of stock as directed by them. It is asserted that defendants only owed a single indebtedness to the corporation and that the rule allowing a debtor to direct to which of several debts a payment shall be applied has no application. No authority is cited, and we have been unable to find any which supports that position.

Under the facts of this case, it makes no real difference whether the Armstrongs owed one or two obligations if the agreement by the Armstrongs to purchase stock was an enforceable contract; then there were, of course, two obligations owing by them to the corporation both for the payment of money, i. e., the indebtedness for money borrowed and their agreement to purchase stock. If, on the other hand, the agreement to purchase stock was between the Armstrongs and Schreiber, as individuals, and not as officers of the corporation so that there was no binding agreement for the stock purchase between the Armstrongs and the corporation, then, of course, the Armstrongs only owed a single obligation to the corporation—that for the money borrowed. In any event, it is clear that the Armstrongs specifically directed that the $1,000.00 tendered to the corporation be applied to the purchase of stock. It is not denied that it was not applied as directed. It is equally clear that the trial court relied upon the theory that the person making payment has a right to direct its application. We agree with the conclusion reached by the trial court.

Assuming, without deciding, that there were two obligations owing, except where money is held as a trustee or under a duty to apply it in a particular way, and the creditor knows or has reason to know that he so holds it, a debtor has power to determine the application of any money that he tenders to his creditor, and has a right to say to which of several demands

the payment shall be applied. Leonard Refineries v. Gregory, 205 Mich. 432, 295 N. W. 215; Kingsbury & Co. v. Riverton-Wyoming Refining Co., 68 Colo. 581, 192 P. 503; Mumm v. Taylor, 121 Colo. 157, 213 P.2d 836; City of Beaufort v. Aman, 180 S.C. 127, 185 S.E. 33; 5 Corbin on Contracts, § 1231; Restatement, Contracts, § 388.

■ A duty is imposed upon a creditor who accepts a tendered payment by his debtor to apply the money as directed by the debtor, regardless of whether he consents to the debtor's direction. Until the payment has been made and accepted, the money is the property of the defendants, and, being their property, they may require its application as they see fit. If the creditor fails to return the tendered payment when its application is directed, it is regarded in law as having been applied as directed unless the improper application has been subsequently ratified by the debtor. Mumm v. Taylor, supra. See, also, 6 Williston on Contracts, § 1795, § 1814, and §§ 1854–56; 1 Restatement, Contracts, § 72(2).

■ In this instance, defendants, whether they owed one or more obligations, upon paying the $1,000.00 to plaintiff, secretary-treasurer of the corporation, directed that it be applied to the purchase of the additional corporate stock. By accepting the money under those circumstances, plaintiff was bound to apply it as directed.

■ ▪ For the first time on appeal, plaintiff Schreiber and the corporation urge that defendants, by their conduct and acquiescence, ratified the application of the payment of the money borrowed. This theory was not urged in the trial court. No finding or conclusions were requested on this issue, nor were any made by the trial court. The claimed error was not preserved for review and cannot be urged for the first time on appeal. Selby v. Tolbert, 56 N.M. 718, 249 P.2d 498; Rule 52(b) (6); Rules of Civil Procedure.

■ It is next asserted that when defendants borrowed money from the corporation, the plaintiff, Schreiber, an officer thereof, by reason of § 51–3–13, N.M.S.A. 1953, became an involuntary guarantor and surety for the indebtedness. It is now argued that a three-way agreement was made between plaintiff Schreiber, the corporation and defendants Armstrongs, whereby Armstrongs would pay $2,000.00 in exchange for cancellation of their indebtedness and the issuance of 10 additional shares of stock, and that the first $1,000.00 so paid should be applied to payment of the borrowed money. The trial court did not so find, but if there had been the agreement asserted by appellants, the conclusions reached by the trial court were nevertheless free from error.

■ The debtor's direction for the application of a payment to a particular demand must be followed if the money is accepted and retained, even if such direction is in violation of a previous contract with the creditor that the money be otherwise applied. 6 Williston on Contracts, § 1795; Restatement, Contracts, § 387, Comment on Clause (a); Arfanis v. Claremont Nat. Bank, 87 N.H. 380, 180 A. 251. The authorities cited by plaintiff all appear to be concerned with situations where there was an agreement between the debtor, creditor and surety relating to application of payments and there was no subsequent direction by the debtor contrary to the agreement. The cases relied upon by plaintiff are distinguishable.

■ Under the circumstances here, plaintiff was bound either to apply the money to the purchase of the additional stock and issue the certificates as directed, or to return the money offered in payment thereof. Failing to do either, plaintiff is liable for damages resulting to defendants from his failure to apply the money as directed.

The appeal of Armstrong-Schreiber Agency, Inc., from the judgment directing the issuance of 10 shares of its stock to defendants has been disposed of by what we have said.

Appellees have cross-appealed, urging error in the denial of the claim of Kathryn Armstrong for salary as secretary and underwriter of the corporation. The trial court found:

"6. That by mutual agreement of the parties the salaries paid defendants and plaintiff, following the incorporation of the insurance agency was in direct proportion to their stock ownership in the corporation.

"7. That no additional or other salary agreement was made with the defendant Kathryn Armstrong."

These findings of the trial court are not attacked and are the facts upon which the appeal rests in this court. White v. Wheeler, 67 N.M. 346, 355 P.2d 282; Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548. Finding No. 6 finds an express contract for salary and No. 7 that no other agreement was made concerning her salary.

■ Cross-appellants argue that the court erred in denying Kathryn Armstrong recovery for her services on the theory of quantum meruit. Recovery for the value of services rendered may only be had on quantum meruit when there is no agreement between the parties concerning the compensation to be paid. The court having found an express agreement, no recovery may be had on quantum meruit. We have carefully considered other contentions and find them either disposed of by what we have said or without merit.

Finding no error, the judgment appealed from is affirmed.

IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.