Harold E. Koreman, J.
The third-party defendants, McKenna Construction Corporation (hereinafter called McKenna) and Albany Gravel Co. Inc. (hereinafter called Gravel Co.) move, under 3211 (subd. [a], par. 5) of the Civil Practice Law and Rules, to dismiss the third-party actions brought against them on the ground that the same are barred by the Statute of Limitations. In addition, Stants Combustion Associates, Inc. (hereinafter called Stants), a third-party defendant in a separate action, moves for leave to amend its answer to plead the Statute of Limitations, and upon such amendment also moves for dismissal of the third-party complaint against it. Stants, in turn, has impleaded Empire Welding and Boiler Repair Co. as a third-party defendant, who has neither appeared nor moved.
These motions arise out of an action for breach of contract brought by the original plaintiff, City and County Savings Bank (hereinafter called Bank) against M. Kramer & Sons, Inc. (hereinafter called Kramer) and J. L. Ottenheimer & Associates, the original defendants. Under the terms of the contract, Kramer was, among other things, to furnish materials, fabricate and erect a fuel oil tank for the Bank. The original complaint alleges that because of Kramer’s failure to comply with the terms and specifications of the contract, the tank became corroded and unfit for use and that it became necessary to replace it. The Bank seeks to recover the cost of replacement from Kramer and the codefendant. Thereupon Kramer impleaded McKenna as a third-party defendant, alleging that it had subcontracted with McKenna for the erection and installation of the tank in accordance with the specifications in the original contract between the Bank and Kramer, and seeks to recover over against McKenna if Kramer is held responsible *733 and has to answer in damages to the Bank. In its answer to Kramer’s third-party complaint, McKenna pleads the Statute of Limitations as an affirmative defense, alleging that the action against it was not commenced within six years from the time the action accrued. McKenna, in turn, impleaded Gravel Co., alleging that Gravel Co. furnished the sand and gravel used for installation of the tank, and that if it, McKenna, should be held responsible and answerable in damages to Kramer, then Gravel Co. must indemnify McKenna because of a breach of an implied warranty of fitness of the sand and gravel furnished. Kramer also impleaded Slants, alleging that if it should be held responsible to the Bank, then it should recover over against Stants who sold the fuel oil tank to Kramer. Slants seeks to plead the Statute of Limitations in its answer, claiming that Kramer’s action against it was not commenced within six years from the time it accrued.
In all of the third-party actions, recovery over against each of the third-party defendants is sought on the theory of an implied agreement to indemnify resulting from the breach of the contracts between the third-party plaintiffs and third-party defendants.
Kramer, in an affidavit in opposition to McKenna’s motion to dismiss, states that a trial of all questions of fact is necessary to determine the date of final completion of its contract with the Bank and its subcontract with McKenna and thus whether an action for breach of contract is barred by the Statute of Limitations. In the same affidavit, Kramer states that this is an action over “ based upon an implied contract of indemnification ”, and, therefore, its action against McKenna need not have been brought until judgment had been obtained against it by the Bank and the judgment had been paid. In its memorandum of law Kramer specifically states that the question is not when the work was or was not performed under the contract but whether there was an implied agreement by McKenna to indemnify it against any recovery by the Bank. Thus, the issue to be determined here is whether there was an implied agreement of indemnification by McKenna and Stants in favor of Kramer and by the Gravel Co. in favor of McKenna.
McKenna’s third-party suit against Gravel Co., which is based upon a breach of an implied warranty of fitness of the sand furnished, was commenced in 1964. The sand or gravel was sold to McKenna in 1956. An action upon a contractual obligation or liability, express or implied, must be commenced within six years (CPLR 213). A cause of action for breach of an implied warranty of fitness accrues at the time of the *734 sale and is barred six years thereafter (Citizens Utilities Co. v. American Locomotive Co., 11 N Y 2d 409). Obviously, more than six years elapsed from the time of the sale to McKenna and the commencement of the action against Gravel Co.
It is asserted that if Kramer should recover judgment over against McKenna on the ground that McKenna furnished and deposited improper sand fill around the oil tank, then Gravel Co. will be liable over to McKenna for the amount recovered by Kramer against McKenna. Such liability over could only be based upon an implied agreement on the part of Gravel Co. to indemnify McKenna. No authority has been cited and none has been found to support such a theory of liability in a sale of personal property. ‘ ‘ The Personal Property Law in the article containing the Uniform Sales Act [art. 5], purports to define the rights of buyer and seller one against the other, upon a sale of goods. It establishes certain implied warranties inhering in the transaction unless a contrary intention is expressed. Apart from the Statute of Limitations, the implied warranties so established are adequate to protect the buyer’s rights. It would be a considerable innovation to add to those rights an obligation to indemnify against loss through payment of damages to third parties.” (Liberty Mut. Ins. Co. v. Sheila-Lynn, Inc., 185 Misc. 689, 692, affd. 270 App. Div. 835). Since an agreement to indemnify McKenna cannot be implied from the sale of the gravel to it by Gravel Co., and, more than six years had elapsed from the date of sale and the commencement of this third-party action, Gravel Co.’s motion for dismissal of the third-party complaint against it must be granted.
With respect to Kramer’s asserted claim-over against McKenna, it is contended that the Statute of Limitations has not yet even commenced to run, and would not begin to run until a judgment had been obtained by the Bank, but the ‘6 action-over ’ ’ is brought against McKenna under the procedural latitude given by former section 193-a of the Civil Practice Act (CPLK 1007), even before the statute begins to run. Assuming that an implied agreement to indemnify existed, or that the Statute of Limitations had not run against an action for breach of contract, the impleader procedure might be proper. While there is a reference in an affidavit that there might be some question as to the time of performance by McKenna, it is not seriously contended by Kramer that the work in connection with the installation of the fuel oil tank was not completed more than six years prior to the commencement of its third-party suit against McKenna. Kramer argues that if it should he held liable to the Bank for nonperformance of its contract, *735 the cause was the failure of performance of the subcontract on the part of McKenna, and that it, Kramer, was the passive party and McKenna the active party causing the alleged breach of the original contract between the Bank and Kramer. In support of this position, Kramer cites several authorities in which the procedural device of impleader was utilized. However, the authorities cited are tort cases and, in such situations, there is a recognized liability on the part of the active wrongdoer to indemnify the passive one. Such liability is implied in law, and the procedure outlined in CPLB 1007 (formerly Civ. Prac. Act., § 193-a) may properly be used. Such procedure may also be permissible in other situations where a person not a party to the original action may be liable to a defendant for all or part of the plaintiff’s claim. The difficulty with Kramer’s position is that it is here attempting to assert an additional substantive right against McKenna by virtue of CPLB 1007, which is simply a procedural provision. The only right Kramer has against McKenna is one based upon the terms and provisions of an express contract between them, and it is not a question of whether impleader is proper, but whether the Statute of Limitations has run against Kramer’s right of action. The Statute of Limitations commences to run from the date of the breach, if any, of McKenna’s contract with Kramer, and not, as the latter argues, from the date when it might be called upon to respond in damages for a breach of its contract with the Bank. To hold otherwise would be tantamount to saying that Kramer would have no independent right of action against McKenna for a breach of the contract between them. The court is unable to find any authority in support of the theory whereby liability may be imposed for a breach of an implied agreement to indemnify in a case of an alleged breach of express contract. (See Liberty Mut. Ins. Co. v. Sheila-Lynn, Inc., supra.)
It is clear from all of the papers that more than six years elapsed between the completion of McKenna’s work in connection with the installation of the tank and the commencement of the third-party suit against it. It would seem, therefore, that the logical implications of the general rule with respect to the accrual of a cause of action for breach of contract requires a determination sustaining the defense of the Statute of Limitations.
As to the subsequent motion brought by Stants, it is alleged, and not denied, that the third-party suit was instituted against it more than six years after its contract with Kramer was performed. In the light of the conclusions arrived at herein, Stants ’ motion to amend its answer to plead the Statute of *736 Limitations is granted and upon such amendment, its motion to dismiss Kramer’s third-party complaint is granted. G-ravel Co.’s motion to dismiss McKenna’s third-party complaint is granted. McKenna’s motion to dismiss Kramer’s third-party complaint is granted.