617 P.2d 1325

**Leander L. SMITH, Jr., Plaintiff–Appellee and Cross–Appellant,**

v.

**Thomas C. GALIO, Individually, and Albuquerque Automotive Diagnostic Lane and Repair Center, Inc., a New Mexico Corporation, Defendants–Appellants and Cross–Appellees.**

**No. 4349.**

Court of Appeals of New Mexico.

Sept. 23, 1980.

Louis J. Vener, Vener & Co., Ltd., a Professional Corp., Albuquerque, for defendants–appellants and cross–appellees.

**6**

John M. Eaves, Jeffrey J. Dempsey, Eaves & Darling, P.A., Albuquerque, for plaintiff–appellee and cross–appellant.

## OPINION

LOPEZ, Judge.

The defendants appeal a judgment which, in effect, grants Smith specific performance on an oral contract providing that Galio, owner of half of the shares of Albuquerque Automotive Lane and Repair Center, Inc., (hereafter Automotive) would buy out Smith the other shareholder, if Smith would allow Galio to manage the corporation. No claim is made that the judgment entered against both defendants is improper or that the court should not have ordered Smith's stock certificate declared null and void upon defendants' payment of the judgment. The defendants raise no Statute of Frauds defense. Smith cross–appeals, claiming that he is entitled to damages under § 53–11–50(B), N.M.S.A. 1978 for Galio's failure on two occasions to allow him to inspect the corporate books on written demand, that Galio converted corporate assets to his own use, for which activities, punitive damages should be awarded against him, and that Smith is entitled to half of the corporate assets under a constructive trust theory. Smith also claims that the trial court erred in its finding as to the sales price of his stock.

On or about September 9, 1969, Smith and Galio, each a shareholder of 50% of the shares of Automotive, agreed that Smith and his wife would resign as officers and directors of the corporation and that Galio would buy Smith's interest after the Small Business Administration loan (hereafter SBA loan) was paid off. Smith and his wife resigned, and Galio took over the management of the corporation. The court below found that after September 1969, Galio failed to hold shareholders' and directors' meetings, that from 1971 onward he diverted income from the corporation, that nevertheless he continued to file federal corporate income tax returns, and, until fiscal years 1978 and 1979, continued to file annual corporate reports with the New Mexico

State Corporation Commission, that, in April 1976, he conveyed to himself all of the assets of the corporation, which he valued on his personal income tax return as $16,-000, and that on both occasions when Smith made a written demand to examine the books and records of the corporation, on January 19, 1976, and January 31, 1979, Galio refused to comply. Although the SBA loan was paid off on January 3, 1975, Galio never paid Smith for the value of his shares.

*The oral contract.*

■ The defendants assert that relief should not be granted on the oral contract because the action is barred by the statute of limitations and by laches. In their reply brief, they attack indirectly the court's finding No. 5, that Galio was to buy Smith's shares after the SBA loan was paid off, and make a general attack on all the findings. We will not consider either attack, however. The findings must be attacked specifically, not indirectly, *Ritter–Walker Co. v. Bell*, 46 N.M. 125, 123 P.2d 381 (1942), and a generalized attack on the findings fails under our rules. *Thornton v. Hesselden Construction Co.*, 80 N.M. 121, 452 P.2d 190 (1969). Neither is the reply brief the proper place to attack findings of fact. *Kerr v. Akard Brothers Trucking Co.*, 73 N.M. 50, 385 P.2d 570 (1963).

■ The statute of limitations in New Mexico on an unwritten contract is four years. Section 37–1–4, N.M.S.A. 1978. In a breach of contract action, the statute of limitations begins to run from the time of the breach. *Donahue v. United Artist's Corp.*, 2 Cal.App.3d 794, 83 Cal.Rptr. 131 (1979); *City & County Savings Bank v. M. Kramer & Sons, Inc.*, 43 Misc.2d 731, 252 N.Y.S.2d 224 (1964); 54 C.J.S. *Limitations of Actions* § 125 (1948). The trial court concluded that the statute of limitations did not bar Smith's action on the contract. In reviewing the trial court's findings, the appellate court is to consider them as a whole and construe them in a manner so as to uphold, rather than defeat, the judgment. *Mathews v. New Mexico Light & Power*

*Co.*, 46 N.M. 118, 112 P.2d 410 (1942); *see generally, H.T. Coker Construction Co. v. Whitfield Transportation, Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App. 1974).

The trial court found the agreement was that Galio would buy Smith's interest in Automotive after the SBA loan was paid off. This agreement did not specify a time for performance. Where a contract is silent as to the time of performance, the law implies that it is to be performed within a reasonable time. *Hagerman v. Cowles*, 14 N.M. 422, 94 P. 946 (1908); *see, Cowles v. Hagerman*, 15 N.M. 600, 100 P. 843 (1910); *Baca v. Barrier*, 2 N.M. (Gild.) 131 (1881). Thus, under the contract, the law implies the time for Galio to purchase Smith's stock was a reasonable time after the SBA loan was paid off. The trial court found that the SBA loan was paid off on January 3, 1975. There was no breach of contract and the statute of limitations had not started to run until a reasonable time after January 3, 1975. What constitutes a reasonable time, under the evidence, is a question of fact. *See, Hagerman v. Cowles, supra.* In denying the statute of limitations defense, in ruling the contract was enforceable, in finding that Smith's delay in demanding performance was reasonable and in finding that it was not financially possible for Galio to buy Smith's stock until a reasonable time after the SBA loan was paid off, the trial court, in effect, ruled that a reasonable time had not elapsed by March 8, 1975 and a complaint filed on March 8, 1979 was not barred by § 37–1–4. We agree. Under the evidence, the trial court could properly rule that on March 8, 1975, a reasonable time for performance had not yet elapsed.

The defense of laches also fails. The delay by Smith in suing on the sales contract must have prejudiced Galio. *C & H Construction & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct.App. 1979). The trial court found that Galio was not prejudiced by Smith's delay in bringing suit. This finding was not challenged. Unchallenged findings are binding on the appellate court. *H.T. Coker, supra ; see, Adams v. Thompson*, 87 N.M. 113, 529 P.2d 1234 (Ct.App.), *cert. denied*, 87 N.M. 111, 529 P.2d 1232 (1974). As Galio was not prejudiced by the delay, laches is not a viable defense.

The trial court found that the agreement was that Galio would pay Smith the value of his investment as of September 9, 1969. Smith challenges this finding, claiming that the agreement was that he would be paid back his original investment plus 6% interest. Galio concedes in his answer brief to the cross–appeal that the contract was for the return of Smith's investment. The only evidence we found in the record concerning the terms of the oral agreement was that Smith was to receive his original investment plus 6% interest. It is not contested that Smith's original investment was $18,500.00. The trial court erred in not awarding Smith this amount plus 6% interest from the date of his investment.

*Failure to allow inspection of the corporate books.*

Section 53–11–50(B), N.M.S.A. 1978 requires any officer of a corporation, on written demand, to allow any stockholder, with certain qualifications, to examine the corporate books. Failure to accede to the request results in personal liability to the shareholder equal to 10% of the value of the latter's shares. Smith met the shareholder's qualifications under this statute. The trial court found that on January 19, 1976, and on January 31, 1979, Smith made written demands to examine the books, records and financial statements of Automotive, and that both times Galio refused to allow the inspection. Defendants contend that this statutory cause of action is barred by the statute of limitations, § 37–1–4. Defendants also attempt to challenge the findings concerning the 1976 demand in their answer brief to the cross–appeal.

Assuming, without deciding, that § 37–1–4 provides the statute of limitations governing violations of § 53–11–50(B), it, nevertheless, would not bar this action. The limitation set out in the former statute

**8**

is four years. A statute of limitations does not begin running until after the cause of action accrues. *See,* § 37–1–1, N.M.S.A. 1978. The cause of action for a statutory violation cannot accrue until the violation takes place. The first violation occurred on January 19, 1976. As the suit was filed less than four years after that date, this cause of action is not barred by the statute of limitations.

 Assuming that a challenge to the trial court's finding concerning the 1976 demand could be made properly in the answer brief to the cross–appeal, we, nevertheless, find the challenge fails. There is substantial evidence to support the trial court's finding as to the 1976 demand. The trial court also found that the book value of Smith's shares at the time of the 1976 demand was $21,619.05. This finding is not challenged. The trial court failed to order Galio to pay the statutory penalty of ten percent. This was error. On remand, the trial court should award Smith $2,161.90 against Galio for the violation of § 53–11–50(B) in 1976.

 Although the trial court found there was a demand and refusal in 1979, it made no finding concerning the value of Smith's shares in 1979. Smith contends this value can be calculated from other findings. We need not decide whether the value can or cannot be so calculated. Smith never requested the trial court to find the value of his shares at the time of the 1979 demand. A party who fails to request a finding waives a finding as to that fact. *Goldie v. Yaker,* 78 N.M. 485, 432 P.2d 841 (1967); *see, Worland v. Worland,* 89 N.M. 291, 551 P.2d 981 (1976). Smith has waived any finding as to the 1979 value. When no finding on a given issue is requested by a party, nor made by the trial court, error concerning that issue cannot be claimed by that party on appeal. *Schreiber v. Armstrong,* 70 N.M. 419, 374 P.2d 297 (1962). We will not consider whether the trial court erred in failing to award damages for Galio's violation of § 53–11–50(B) in 1979.

*Constructive trust and punitive damages.*

 Although the trial court concluded that Galio had diverted $16,000 in corporate assets and $557,050.10 in income from the corporation and now holds these amounts in constructive trust for the corporation and Smith, it did not award Smith half of this total amount, nor did it award punitive damages against Galio for the constructive fraud and violation of fiduciary duty which it found he had committed. Contrary to what Smith argues, we do not believe the court erred in failing to award any judgment based on these conclusions and findings. Under his constructive trust theory, Smith is asking essentially to have the corporation dissolved and to be awarded half of the total amount the court found Galio had diverted to his own use. This remedy is inconsistent with enforcement of the oral agreement to sell his shares. When one remedy depends upon an affirmance of a contract, and another remedy depends upon the opposite, the remedies are inconsistent; and the party seeking relief must elect one of them. *See, Thrams v. Block,* 43 N.M. 117, 86 P.2d 938 (1938). Having obtained what amounts to specific performance of the oral contract, Smith no longer owns stock in the corporation and cannot obtain its dissolution.

Punitive damages were properly denied. Since Smith is not entitled to compensatory damages under the constructive trust theory, he cannot receive punitive damages under that theory either. *See generally, Christman v. Voyer,* 92 N.M. 772, 595 P.2d 410 (Ct.App. 1979).

Galio's contention that the cross–appeal is frivolous is without merit. Each side should pay his own attorney's fees on appeal.

The judgment of the trial court is affirmed, with two modifications. First, the $14,729.70 awarded against defendants in connection with the oral contract of sale of Smith's stock is to be increased to $18,500 plus interest at 6% from the date of Smith's investment. Second, Galio individually is to pay Smith $2,161.90 for the 1976 violation of § 53–11–50(B).

IT IS SO ORDERED.

ANDREWS, J., concurs.

WOOD, C. J., specially concurs.

WOOD, Chief Judge (specially concurring).

I agree that plaintiff is entitled to damages equal to the sales price of the oral contract and to damages for Galio's violation of § 53–11–50(B), N.M.S.A. 1978.

I specially concur because Judge Lopez' opinion refers to specific performance. Plaintiff sold the stock to Galio; because he had not been paid, he sought damages for breach of the sales contract. This is not a case for specific performance. *Raton Waterworks Company v. Town of Raton*, 174 U.S. 360, 43 L.Ed. 1005, 19 S.Ct. 719 (1899); *Pugh v. Tidwell*, 52 N.M. 386, 199 P.2d 1001 (1948); *Gillett v. Warren*, 10 N.M. 523, 62 P. 975 (1900). Whatever viability remains as to the remedy of specific performance should not be rendered uncertain by references to specific performance in a case where plaintiff recovered damages for breach of contract.

I also specifically concur because Judge Lopez' opinion fails to explain why the statutory penalty is not inconsistent with damages for breach of contract. Section 53–11–50(B), supra, states that the penalty is awarded "in addition to any other damages".