This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40380**

**JOHN DEE RUSTY READ a/k/a RUSTY READ,**

      Plaintiff-Appellant,

v.

**TJ O'CONNOR CATTLE COMPANY a/k/a TJ O'CONNOR CATTLE LLC, and the ESTATE OF THOMAS MARION O'CONNOR,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Michael Aragon, District Court Judge**

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellant

Lyons & Simmons LLP
Christopher J. Simmons
Michael P. Lyons
Dallas, TX

for Appellees

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff appeals the district court's dismissal of his claim for breach of contract. In this Court's notice of proposed disposition, we proposed to summarily reverse.

Defendants filed a memorandum in opposition, and Plaintiff filed a memorandum in support, both of which we have duly considered. We reverse.

**{2}** In our proposed summary disposition, we suggested that Plaintiff's complaint alleged that he had an oral contract for employment for an indefinite period, and we proposed to conclude, based on *Kestenbaum v. Pennzoil Co.*, 1988-NMSC-092, ¶ 9, 108 N.M. 20, 766 P.2d 280, that the statute of frauds does not apply to the agreement alleged to have existed in Plaintiff's complaint. [CN 5] In their memorandum in opposition, Defendants argue that *Kestenbaum* is inapplicable here because the *Kestenbaum* court "expressly limited its holding" to one "narrow issue" regarding whether conduct can transform at-will employment into an implied contract, precluding termination absent good cause. [MIO 4-5] We disagree.

**{3}** While Defendants correctly identify one of the issues considered in *Kestenbaum*, their suggestion that the case decided only that single issue is inaccurate. *Kestenbaum* actually analyzes six separate issues, all of which are considered under separate headings within the opinion. *Id.* ¶ 8. The portion of the *Kestenbaum* opinion on which Defendants rely considered whether "[s]ubstantial [e]vidence . . . [s]upport[ed a] [j]ury [f]inding of [an] [i]mplied [e]mployment [c]ontract [a]llowing [d]ischarge [o]nly for [g]ood [r]eason." *Id.* ¶ 11. Conversely, the portion of the opinion on which this Court relied in the proposed summary disposition specifically contemplated whether denial of a motion for directed verdict on a breach of contract claim was error in light of the appellants' assertion that the oral employment contract was barred by the statue of frauds. *Id.* ¶ 9. Additionally, Defendants argue only that Plaintiff's claim is barred by the statute of frauds because it was not reduced to writing; they have not identified any authority or made any argument to suggest that under New Mexico law, the statute of frauds applies to a contract for employment for an indefinite period. Based on the foregoing, Defendants' attempts to distinguish this case from an analogous portion of *Kestenbaum* are unpersuasive, and we conclude that Defendants have failed to identify any error of law and fact in our proposed summary disposition as to this issue. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** In our proposed summary disposition, we also proposed to conclude that Plaintiff filed his claim for breach of an oral employment contract within the applicable time period and was therefore not barred by the statute of limitations. [CN 6] Defendants argue that the complaint alleges a breach of an agreement, made in 1995, to establish an annuity funding Plaintiff's retirement. [DS 6] According to our proposed disposition and the language of the complaint in this case, however, the breach alleged related to Defendants' failure to make the promised retirement payments: "[Plaintiff] was promised upon retirement/discharge he would be paid retirement benefits each month totaling 70 [percent] of his highest salary per month," and "since [Plaintiff's] retirement, [Defendants] have failed and refused to pay the retirement benefits." [CN 6; RP 2] As to

the annuity, the complaint alleged Defendants promised "they would have an annuity set up that would meet that obligation." [RP 2]

**{5}**    Based on this language, the duty and breach alleged arose from the employment agreement between the parties and related to retirement payments and Defendants' failure to make those payments, rather than the promise of and failure to create an annuity. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (stating that we "resolve all doubts in favor of sufficiency of the complaint" (internal quotation marks and citation omitted)). The annuity, characterized in the complaint as a promise made "time after time and year after year" to "have an annuity set up," was the means by which payments were to be funded; performance of the promise was not tied to any one point in time. [RP 2] As a result, the breach upon which the complaint is based occurred through nonpayment of the retirement benefits. As stated in our proposed summary disposition, because that breach occurred in 2017 and Plaintiff brought suit in 2020, Plaintiff's claim was not barred by the statute of limitations. *See* NMSA 1978, § 37-1-4 (1880) (stating that the statute of limitations for bringing an action to enforce an unwritten contract is four years); *Smith v. Galio*, 1980-NMCA-134, ¶ 4, 95 N.M. 4, 617 P.2d 1325 ("In a breach of contract action, the statute of limitations begins to run from the time of the breach.").

**{6}**    Based on the foregoing and for the reasons stated in our notice of proposed disposition and herein, we reverse.

**{7}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**